```
              UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JUDITH KOERNER,                     :
                                    :CIVIL ACTION NO. 3:17-cv-455
          Plaintiff,                :
                                    :(JUDGE CONABOY)
     v.                             :
                                    :
GEICO CASUALTY COMPANY,             :
                                    :
          Defendant.                :
                                    :
_____

## **MEMORANDUM**

Pending before the Court is Plaintiff's Motion for Remand (Doc. 10) filed on April 5, 2017. With the motion, Plaintiff seeks remand on the basis that Defendant did not remove this case within the allowable time period. (*Id.*) The Court concludes the motion is properly denied.

## **I. Background**

As set out in the Second Amended Complaint (the operative complaint in this action) the case arises from a motor vehicle accident which took place on May 4, 2016. (Doc. 8 ¶ 5.) Plaintiff alleges that she was injured when objects from an unidentified vehicle "were thrust into the roadway" on which Plaintiff was traveling and her car was forced off the road into a guardrail. (*Id.*) Plaintiff had a policy of automobile insurance with Defendant at the relevant time. (Doc. 8 ¶ 3.) Because Plaintiff sustained injuries and damages as a result of the accident, she sought uninsured motorist benefits under her policy with Defendant. (Doc. 8 ¶ 8.)

Plaintiff originally filed a Complaint in the Pike County Court of Common Pleas on May 19, 2016. (*See* Doc. 1-1 at 4-6.) The Complaint does not quantify damages but states the following: "As a result of the subject accident, Plaintiff sustained damages caused by an unidentified and thus uninsured motorist" (Compl. ¶ 7; Doc. 1-1 at 5); "As a result of the damages sustained by Plaintiff in the underlying accident as aforesaid, Plaintiff is entitled to Uninsured Motorist benefits under the policy issued by the UM defendant herein" (Compl. ¶ 8; Doc. 1-1 at 5). Plaintiff makes no other claim of entitlement in the Complaint but in the *ad damnum* clause she states that "Plaintiff JUDITH KOERNER demands judgment against Defendant GEICO CASUALTY COMPANY, in the amount of damages she sustained as a result of the aforesaid that was caused by an unidentified and thus uninsured motorist, together with costs, disbursements, and all other relief deemed just and proper by the Court." (Compl.; Doc. 1-1 at 5.)

On February 22, 2017, Plaintiff filed an Amended Complaint in the Court of Common Pleas of Pike County. (Doc. 1-1 at 53-62.) The Amended Complaint contains the same provisions quoted above. (Am. Compl. ¶¶ 7, 8, *ad damnum* clause; Doc. 1-1 at 54.) The Amended Complaint adds individualized counts for "Breach of Contract" (Doc. 1-1 at 55) and "Bad Faith - Common Law and Statutory" (Doc. 1-1 at 56). Under the Breach of Contract count, Plaintiff alleges that Defendant "breached the terms and provisions

2

of the policy of insurance by failing to make payment of uninsured motorist benefits" to her and states she "is entitled to recover uninsured motorist benefits from the defendant." (Am. Compl. ¶¶ 17, 19; Doc. 1-1 at 56.) The Breach of Contract *ad damnum* clause is the same as previously quoted. (Doc. 1-1 at 56.) Under the "Bad Faith – Common Law and Statutory" count, Plaintiff alleges that Defendant "failed to comply with the implied covenants of good faith and fair dealing contained within the policy of insurance," and Defendant is liable to her for common law bad faith damages and statutory bad faith damages which may include punitive damages. (Am. Compl. ¶¶ 23, 25, 27-29; Doc. 1-1 at 57-58.) In succeeding paragraphs of the Amended Complaint, Plaintiff specifically states that Defendant is liable for punitive damages and she is entitled to recover them. (Am. Compl. ¶¶ 32, 36, 37; Doc. 1-1 at 60-61.) *Ad damnum* clause demands for the bad faith claim include the award of punitive damages. (Doc. 1-1 at 61.)

Defendant filed the Notice of Removal on March 13, 2017, asserting that removal was appropriate based on diversity jurisdiction. (Doc. 1.) Stating that the policy limit of Uninsured Motorist coverage in the policy at issue is $15,000, Defendant notes that Plaintiff first made a demand for punitive damages in the Amended Complaint and a demand for punitive damages generally satisfies the jurisdictional amount for diversity of citizenship purposes. (*Id.* at 2-3 (citing *Golden v. Golden*, 382

3

F.3d 348, 355 (3d Cir. 2004)).)  Defendant asserts that the Notice of Removal is timely because it was filed within thirty (30) days of receipt by the defendant of service of a copy of an amended pleading from which it could first be ascertained that the case was removable on the basis of diversity jurisdiction.  (Doc. 1 at 4 (citing 28 U.S.C. § 1446(b)).)  Defendant explains that it was not until Plaintiff filed the Amended Complaint on February 22, 2017, and made a demand for punitive damages for the first time that it could be ascertained that the action became removable based on diversity jurisdiction (*id.* at 4).

With the pending motion, Plaintiff asserts that the Notice of Removal was not timely filed.  (Doc. 10.)  She principally argues that, if this case is removable now, it was removable at the original Complaint because the amount in controversy in the original Complaint exceeded the jurisdictional minimum required for removal to federal court, and therefore the filing of the Amended Complaint did not restart the clock for the thirty-day time period under 28 U.S.C. § 1446.  (*See*, *e.g.*, Doc. 11 at 4-5.)

## II. Discussion

As set out above, Plaintiff seeks remand to the Court of Common Pleas of Pike County because Defendant's Notice was not timely filed.  (Doc. 11 at 9.)  Defendant responds that the time for removal did not begin until Plaintiff filed her Amended Complaint, and, therefore, the Notice of removal was timely filed.

4

(Doc. 13-2 at 4.)

The statutory provision at issue here is 28 U.S.C. § 1446 which governs the procedure for removal. Specifically, § 1446(b) addresses the general requirements regarding the time for filing a removal action.

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable

28 U.S.C. § 1446(b). Subsection (c) addresses the requirements for cases based on diversity of citizenship, including the following pertinent provisions:

> (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

5

> (2) If removal of the action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .
>
> (3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

28 U.S.C. § 1446(c).

Plaintiff does not argue that the amount in controversy is not satisfied. Therefore, the only issue to be decided is whether Defendant's notice of removal was timely filed.

As set out above, Defendant's Notice of Removal included evidence indicating that Plaintiff's policy provided $15,000 of uninsured motorist coverage at the time of the accident, Plaintiff's complaint alleged entitlement to uninsured motorist coverage under her policy, and she did not seek punitive damages until she filed her Amended Complaint. (Docs. 1, 1-1.) With her motion and supporting brief, Plaintiff does not directly refute evidence presented in the Notice of Removal, nor does her reply brief refute the relevant authority cited in Defendant's opposition brief which provides that the amount in controversy is generally decided by the complaint itself (Doc. 13-2 at 9 (citing *Angus v. Shiley*, 989 F.2d 142, 143 (3d Cir. 1993)), general allegations of

6

injury do not place a defendant on notice of an amount in controversy in excess of $75,000 (Doc. 13-2 at 12 (citing *Inagnanti v. Columbia Props. Harrisburg LLC*, No. 10-1651, 2010 U.S. Dist. LEXIS 51983, at *9 (E.D. Pa. May 25, 2010)), and the "service of a complaint does not trigger the removal period when the complaint fails to allege with specificity damages that permit a defendant to conclude, to a legal certainty, that an amount in controversy creates federal jurisdiction" (Doc. 13-2 at 12 (citing *Inaganti*, 2010 U.S. Dist. LEXIS 51983, at *9)).

In support of her argument that the amount in controversy in the original Complaint exceeded the jurisdictional amount and, therefore, triggered the thirty-day period, Plaintiff first contends she was covered by a policy which provided for $100,000 of uninsured motorist coverage at the time of the accident and she "did not sign any documentation regarding a step-down in her coverage. Thus, any step-down is void ab initio and Plaintiff was covered then, and is covered now, under a $100,000 uninsured motorist benefits policy." (Doc. 11 at 5 (citing Exhibit B).) She next argues that "even if Plaintiff were only covered by a $15,000 policy, Plaintiff's Complaint was removable at the time it was filed and served" based on the *ad damnum* clause which sought judgment "in the amount of damages sustained" as a result of the accident, and therefore, "at the time the Complaint was filed, the amount in controversy was not limited and exceeded the $75,000.00

7

jurisdictional minimum." (Doc. 11 at 5-6.) Plaintiff also finds support for her position in the fact that the Pike County filing cover sheet indicated that she sought damages in excess of the arbitration limits of $40,000 and, therefore, was not limiting damages to the $15,000 under the insurance policy. (Doc. 11 at 7.) Finally, Plaintiff asserts that her response to Defendant's request for production of documents sent to Defendant on December 29, 2016, included medical records which showed extensive injuries and, therefore, Defendant should have known the Complaint was removable as of that date. (*Id.* at 7-8.)

The Exhibit which Plaintiff cites in support of her first argument that she had $100,000 in uninsured motorist coverage at the time of the accident is a policy Declarations Page dated June 9, 2015, indicating a Coverage Period of June 9, 2015, through December 12, 2015, and uninsured motorist coverage of $100,000. (Doc. 11-2 at 1.) Because the accident occurred on May 4, 2016 (*see* Doc. 8 ¶ 5), this Declarations Page is not responsive to Defendant's assertion supported by exhibits indicating uninsured motorist coverage of $15,000 at the time of the accident (Doc. 1-1 at 8-17). Even though Plaintiff says she did not agree to the decrease in coverage (Doc. 11 at 5), documentation shows that the policy in effect at the time of the accident provided for $15,000 in uninsured motorist coverage. (Doc. 1-1 at 8-17.) Therefore, Defendant would not have ascertained that the amount in controversy

in the Complaint exceeded the jurisdictional limit for diversity based on the policy's uninsured motorist coverage.

Similarly, the argument that the amount in controversy in the Complaint exceeded $75,000 because Plaintiff sought more than the uninsured motorist coverage is unavailing in that her numbered paragraphs specifically identify only entitlement to uninsured motorist coverage under the policy (Compl. ¶ 8; Doc. 1-1 at 5) and she merely mentions that she was injured with no indication of the nature or severity of her injuries (Compl. ¶¶ 5, 6; Doc. 1-1 at 5). Her assertion that her suit for the full amount of damages sustained in the accident exceeded $75,000 is conclusory and not supported by the Complaint itself. The same is true of her averment that the Pike County filing cover page indicating damages in excess of $40,000 should have made clear to Defendant that the amount in controversy exceeded the $15,000 uninsured motorist coverage and the jurisdictional limit for federal diversity. (Doc. 11 at 7.) Courts have routinely found that the type of boilerplate language contained here in the Complaint and cover sheet does not allow a defendant to conduct an objective calculation of damages that would have provided notice of an amount in controversy in excess of $75,000. *Bishop v. Sam's East, Inc.*, Civ. A. No. 08-4550, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) (citing *Brown v. Modell's PA II, Inc.*, No. 08-1528, 2008 WL 2600253, at *2 (E.D. Pa. Jan. 1, 2008)); *see also Craul v. Wal-Mart Stores East, LP*, No.

4:12-CV-1380, 2012 WL 6823181, at *3 (M.D. Pa. Nov. 29, 2012). Furthermore, to accept Plaintiff's conclusions would be to support the proposition that the basis for removal is apparent and must take place whenever a plaintiff seeks compensation for unspecified injuries in general terms and/or when the state court filing cover sheet indicates damages sought in excess of the policy limits. Plaintiff cites no authority supporting such broad application of the removal statute and the Court does not find such application practicable or advisable.

Plaintiff's remaining argument that Defendant should have known that the Complaint was removable when she filed her response to Defendant's request for production of documents on December 29, 2016, is a slightly closer question at first blush because Plaintiff lists the injuries identified in the documents provided. (*See* Doc. 11 at 7.) However, a full review of the matter shows that the information did not provide the requisite level of certainty that the amount in controversy exceeded $75,000.

Plaintiff notes that, although the Third Circuit Court of Appeals has not defined "other paper" for purposes of § 1446(b)(3), district courts within the Circuit have concluded that discovery responses constitute "other paper" for purposes of assessing removal. (Doc. 11 at 8 n.3 (citing *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994); *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477-78 (E.D. Pa. 2013)).) Other

10

circuit courts and district courts within the Third Circuit have concluded that the "other paper" question must be followed by the inquiry of whether the removing defendants may have ascertained from the "other paper" that the case had become removable. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002); *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979); *Boggs v. Harris*, Civ. No. 16-971, ----F. Supp. 3d---, 2016 WL 7403872, at *10 (W.D. Pa. Dec. 22, 2016); *Efford v. Milam*, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005). Importantly, these cases have all concluded that the use of the word "ascertain" in § 1446(b)(3) means that the thirty-day removal period is triggered only when the documents "make it 'unequivocally clear and certain' that federal jurisdiction lies." *Efford*, 368 F. Supp. 2d at 385 (quoting *Bosky*, 288 F.3d at 212); *DeBry*, 601 F.2d at 489; *Boggs*, 2016 WL 7403872, at *11.

Defendant does not dispute that the documents produced could be considered "other paper" for purposes of § 1446(b)(3) but points to the lack of damage limitations and the lack of certainty in information provided in Plaintiff's responses to show that the documents did not trigger the thirty-day period: Plaintiff expressly limited her damages in her responses to interrogatories by stating that she was not making claims for past or future wage loss; and she responded to the request to "[s]et forth an itemized account of all damages" suffered as result of the accident with a statement that she could not provide an itemized account "at this

11

juncture" because of ongoing medical treatment and she was "still investigating the accident, medical condition, and damages and losses that she sustained." (Doc. 13-2 at 17.) In her reply brief, Plaintiff does not respond to Defendant's cited evidence or to the assertion that the "discovery responses did not place GEICO in a position of legal certainty that the amount in controversy was above $75,000, as Plaintiff herself could not provide an itemized account of her damages." (*Id.*) Considered in the proper factual and legal context, Plaintiff has not provided a basis to conclude that medical records supplied in response to a request for production of documents makes the amount in controversy ascertainable--the documents do not "make it unequivocally clear and certain that federal jurisdiction lies." *Efford*, 368 F. Supp. 2d at 385 (internal quotation omitted). This is particularly so when the operative complaint at the time only alleged with specificity that Plaintiff was entitled to uninsured motorist benefits from Defendant and those benefits under the policy were $60,000 shy of the amount in controversy required for federal jurisdiction. Though discovery information *may* constitute "other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), in this case the facts do not lead to the conclusion that the provision applies here.

In her reply brief, Plaintiff raises additional reasons for

12

the Court to remand this matter: principles of convenience and comity favor remand; and factual issues exist regarding Plaintiff's policy. (Doc. 17 at 5-6.) Because it is improper for a party to raise a new argument in a reply brief, *see*, *e.g.*, *Bishop*, 2009 WL 1795316, at *5, discussion of these issues is not warranted here. However, the Court notes that to the extent Plaintiff notes there is related pending litigation in State court, she does not show how that litigation interferes with this Court's resolution of the above-captioned matter. (*See* Doc. 17 at 5.) With Plaintiff's assertion that this Court should not exercise jurisdiction while factual issues regarding the amount of coverage exist, she does not dispute that she has requested punitive damages in her Second Amended Complaint and she does not contradict authority which supports jurisdiction when punitive damages are sought. (*See* Doc. 13-2 at 15 (citing *Golden*, 382 F.3d at 355)[1].) *Golden* explained that

> [c]laims for punitive damages may be aggregated with claims for compensatory damages unless the former are "'patently frivolous and without foundation.'" *Packard* [*v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)], (quoting *Gray v. Occidental Life Ins. Co.*, 387 F.2d 935, 936 (3d Cir. 1968)). Punitive damage claims are *per se* "'patently frivolous and without foundation'" if they are unavailable as a matter of state

---

[1] As noted in *Smith v. Albert Einstein Medical Center*, Civ. A. No. 08-05689, 2009 WL 1674615, at *5 (E.D. Pa. June 11, 2009), *Golden* was superseded on other grounds by *Marshall v. Marshall*, 547 U.S. 293 (2006).

13

> substantive law. *See In re Corestates Trust Fee Litig.*, 39 F.3d 61, 64 (3d Cir. 1994); Packard, [994 F.2d at 1046]. . . . If appropriately made, therefore, a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be said to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.

382 F.3d at 355; *see also Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). As Defendant notes, Pennsylvania's Bad Faith statute makes punitive damages available to Plaintiff and, in theory, makes the amount in controversy in excess of $75,000. Therefore, federal court jurisdiction is proper irrespective of the amount of uninsured motorist coverage in Plaintiff's insurance policy and the precise amount of coverage is not relevant to the removal/remand question at hand.

### **III. Conclusion**

Because Defendant has presented sufficient evidence to show that federal jurisdiction is proper in this case and the case was removed from the Pike County Court of Common Pleas within the thirty-day statutory period prescribed under 28 U.S.C. § 1446(b), Plaintiff's Motion for Remand (Doc. 10) is denied. An appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: May 18, 2017

14