# EXHIBIT "A"

**WHITE AND WILLIAMS LLP**
BY:   Platte B. Moring, III, Esquire
Attorney I.D. Nos. 56122
3701 Corporate Parkway, Suite 300
Center Valley, PA  18034
610.782.4948
moringp@whiteandwilliams.com

Attorneys for Defendant,
GEICO Casualty Company

| | | |
|---|---|---|
| JUDITH KOERNER, | : | PIKE COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 746-2016 |
| GEICO CASUALTY COMPANY, | : | |
| | : | CIVIL ACTION |
| Defendant. | : | |
| | : | |
| | : | |

## DEFENDANT'S, GEICO CASUALTY COMPANY, INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF

Defendant, GEICO Casualty Company (hereinafter "GEICO"), by and through its counsel, White and Williams LLP, hereby serves the following Interrogatories, Requests for Admission, and Request for Production of Documents directed to Plaintiff, Judith Koerner. Each Interrogatory, Request for Admission, and Request for Production is to be answered in writing and under oath by you within thirty (30) days after service of the Interrogatories, Requests for Admission, and Request for Production in accordance with Federal Rules of Civil Procedure 33, 34 and 36.

In answering these discovery requests, you shall furnish all information available to you at the time of answer, including information in possession of your representatives, employees, agents or attorneys. You shall supplement your answers whenever necessary in accordance with the Federal Rules of Civil Procedure.

17884319v.1

## INSTRUCTIONS

1.      These discovery requests are directed to the Plaintiff and, unless privilege is claimed, each and every attorney, past and present, of each and every such individual or entity.

2.      These discovery requests encompass all information, documents and records that are in the possession, control, or custody of Plaintiff and her attorneys.

3.      If any objections are made to any discovery request, the reasons therefore shall be stated.

4.      If there is any claim of privilege relating to any discovery request, you shall set forth fully the basis for the claim of privilege, including the facts upon which you rely to support the claim of privilege in sufficient detail to permit the Court to rule on the propriety of the privilege.

5.      If your response to any discovery request is not an unqualified admission, your answer shall specifically deny the matter and set forth in detail the reasons why you cannot truthfully admit or deny the matter.

6.      A denial shall fairly meet the substance of the discovery request, and when good faith requires that you qualify your answer or deny only a part of the matter, you should specify so much of it as is true and qualify or deny the remainder.

7.      You may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry and that the information known to you or readily obtainable by you is insufficient to enable you to admit or deny.

17884319v.1

8.     These discovery requests are continuous in nature and must be supplemented promptly if Plaintiff obtains or learns further of different information between the date of the response and the time of trial by which Plaintiff knows that a previous response was incorrect when made, or thought correct when made, but is then no longer true.

**DEFINITIONS**

The following definitions are applicable to and incorporated by reference into each Interrogatory, Request for Admission, and Request for Production of Documents:

(a)     The term "ACCIDENT," as used herein, refers to the incident described in Paragraphs 5-6 of the Complaint occurring on May 4, 2016.

(b)     The term "DOCUMENT," as used herein, means the original and all copies of all written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your possession, custody or control or known by you to exist, including but not limited to:

(i)     all contracts, bills, invoices, receipts, work orders, estimates, agreements, letter agreements, representations, warranties, certifications and opinions;

(ii)     all letters or other forms of correspondence or communications, including envelopes and notes, electronic mail, cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conference;

(iii)     all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analysis, evaluations, projections, workpapers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;

(iv)     all desk calendars, appointment books and diaries;

(v)     all minutes, records or transcripts of meetings and conferences and lists of persons attending meetings or conferences;

(vi)     all reports and summaries of interviews and negotiations;

(vii)     all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

(viii)     all motion pictures and photographs (whether developed or undeveloped), tape records, microfilms, phonographs, tapes or other records, punchcards, magnetic tapes, disks, data cells, printouts and other data compilations from which information can be obtained; and

(ix)     drafts of any documents, revisions of drafts of any document, and original or preliminary notes.

(c)     The term "YOU," as used herein, means the Plaintiff, individually, in the above captioned matter, Judith Koerner.

17884319v.1

## **INTERROGATORIES**

1.      State your:

   (a) Age;

   (b) Date and place of birth;

   (c) Marital status at time of the ACCIDENT upon which this suit is based;

   (d) Marital status now;

   (e) Present home address;

   (f) Address for the past fifteen (15) years.

2.      State your Social Security Number and the name of any health and automobile insurance company covering any injuries named or to which any claim has been made in the last fifteen (15) years.

17884319v.1

3. If you, Judith Koerner, are still under treatment for injuries received in this ACCIDENT, by whom and how frequently are such treatments given to you at present?

**NAME**                                   **FREQUENCY OF TREATMENT**

4. State whether you, Judith Koerner, were confined to bed or your home as a result of the injuries alleged to have been sustained in the ACCIDENT involved in this action. If so, state the length of time you were confined to each and the dates thereof:

**LENGTH OF TIME CONFINED**                 **DATES**

17884319v.1

5.    State in detail what injuries you, Judith Koerner, sustained in the ACCIDENT upon which this suit is based, and the approximate date on which you recovered therefrom:

**DESCRIBE THE INJURY**                    **APPROXIMATE RECOVERY DATE**

6.    If you, Judith Koerner, have not fully recovered from your injuries received in the ACCIDENT, state, in detail, in which respects you have not fully recovered.

17884319v.1

7.     If you allege that the ACCIDENT aggravated a pre-existing condition, state:

(a) Whether you had recovered from said condition at the time of the incident and the approximate date of your recovery;

(b) The name and address of each hospital or other institution to which you had gone for examination and/or treatment of the pre-existing condition and the date of your last visit;

(c) The name and address of each doctor or other person to whom you had gone for examination and/or treatment of the pre-existing condition and the date of your last visit;

8.     Kindly state whether you, Judith Koerner, were involved in a motor vehicle accident on or about May 4, 2016, and:

(a)     The injuries sustained in this accident;

(b)     Whether a claim was made for personal injuries sustained in this accident.

(c)     Whether that claim is pending or a lawsuit has been filed; including the court term and number of the lawsuit;

(d)     The health care providers with whom you treated for this incident.

17884319v.1

9.     Kindly state the dates of all other accidents of any nature in which you, Judith Koerner, have been involved and sustained injuries in the last fifteen (15) years, including:

(a) The dates of any accidents other than those set forth in this case;

(b) The injuries sustained in those accidents;

(c) Whether a claim was made for personal injuries sustained in those accidents;

(d) Whether that claim is pending or a lawsuit has been filed; including the court term and number of the lawsuit;

(e) The health care providers with whom you treated for each accident.

10.    State how many concussions you, Judith Koerner have suffered in your lifetime.

**Accompanying Request for Production of Documents No. 1**: Please supply all medical records concerning the above mentioned concussions.

11.     State whether you, Judith Koerner, have made any Americans with Disability Act claims and, if so, describe the reasonable accommodations, if any, your employer provided.

**<u>Accompanying Request for Production of Documents No. 2</u>**: If so, please attach copies of any and all documents, e-mails, notices and other writings relating in any way to claims listed in response to Interrogatory 11.

12.     State the court, court term and number of any other lawsuit in which you have been involved either as a plaintiff or defendant in the last fifteen (15) years.

**<u>Accompanying Request for Production of Documents No. 3</u>**: Please supply all pleadings and discovery for each such lawsuit.

17884319v.1

13.     Set forth an itemized account of all damages you claim you suffered as a result of

the alleged ACCIDENT.

14.     Identify each person whom you expect to call as an expert witness at the trial of

this claim. As to each witness, state:

        (a) The subject matter on which he is expected to testify;

        (b) The facts and opinion to which he is expected to testify;

        (c) A summary of the grounds for each opinion;

        (d) Whether the facts and opinions listed in (b) above are contained in written
        report, memorandum or other transcript and if they are, give the name and address
        of the present custodian of same and state whether you will produce the same
        without the necessity of a Motion.

**Accompanying Request for Production of Documents No. 4**: Please attach a copy of
his/her curriculum vitae.

17884319v.1

15. State whether you, Judith Koerner, suffered a back injury before the ACCIDENT and describe the circumstances giving rise to the injury.

16. State whether you, Judith Koerner, suffered a head injury before the ACCIDENT and describe the circumstances giving rise to the injury.

**Accompanying Request for Production of Documents No. 5:** Please supply all records concerning treatment you received concerning any prior head injuries.

17884319v.1

17. State whether you, Judith Koerner, suffered a shoulder injury before the ACCIDENT and describe the circumstances giving rise to the injuries.

**Accompanying Request for Production of Documents No. 6:** Please supply all records concerning treatment you received concerning any prior shoulder injuries.

18. Identify, including address and approximate dates of treatment, any and all medical providers with whom you have treated in the last fifteen (15) years.

17884319v.1

19.    If you are currently employed, were employed at the time of the alleged accident and/or employed for five (5) years before the accident date, state as to each time period:

(a) By whom;

(b) Your stated title or position and accompanying duties and responsibilities;

(c) The length of your employment;

(d) Number of hours worked per week and/or number of days worked per week;

(e) Hourly wage and/or salary as well as supplemental wages (e.g. bonuses, overtime, etc.).

20.    Do you allege that you have sustained any past income loss as a result of the ACCIDENT?

**Accompanying Request for Production of Documents No. 7:** If so, please provide an itemized account of such wage loss:

17884319v.1

21. Do you allege that you have sustained any future income loss as a result of the ACCIDENT?

**Accompanying Request for Production of Documents No. 8:** If so, please provide an itemized account of such wage loss:

22. Did you lose time from work as a result of the alleged accident? If so, state:

(a) The dates you lost from work as a result of the alleged accident;

(b) The date that you returned to work;

(c) The name and address of the employer where you returned to work;

(d) Any change in your title or position, duties and/or responsibilities;

(e) Any change in your wage, salary or supplemental wages.

23.     What do you believe GEICO should have done that you believe it did not do?

24.     Do you, Judith Koerner, believe that you lost consciousness during the ACCIDENT? If so, please state:

      (a)     at what point you believe you lost consciousness during the ACCIDENT;

      (b)     what you believe caused you to lose consciousness;

      (c)     approximately how long you believe you lost consciousness;

      (d)     what you remember last before losing consciousness; and

      (e)     the first thing you remember after gaining consciousness.

25.     What do you, Judith Koerner, believe caused your vehicle to leave the road during the ACCIDENT?

17884319v.1

26.     What actions do you, Judith Koerner, believe you took to avoid the ACCIDENT?

27.     What objects do you, Judith Koerner, believe were thrust into the roadway from an unidentified motor vehicle, as alleged in Paragraph five (5) of your Complaint?

28.     In what way do you, Judith Koerner, believe the tortfeasor negligently operated the tortfeasor's motor vehicle, as alleged in Paragraph six (6) of your Complaint?

17884319v.1

29.     Do you, Judith Koerner, believe that your vehicle made contact with any objects falling from another vehicle during the ACCIDENT? If so, please describe the manner in which your vehicle made contact with the falling objects.

30.     Do you, Judith Koerner, believe that a carpet fell from the vehicle in front of you during the ACCIDENT? If so please describe:

      a.     the approximate size of the carpet;

      b.     the manner in which the carpet fell; and

      c.     whether the carpet was "rolled-up" or flat.

31.     How far do you, Judith Koerner, believe you were traveling behind the vehicle in front of you at the time of the ACCIDENT?

17884319v.1

32.     Please describe the vehicle traveling in front of you at the time of the ACCIDENT.

33.     What serious impairment of bodily function do you, Judith Koerner, believe you have suffered as a result of the ACCIDENT, if any?

34.     What permanent disfigurement do you, Judith Koerner, believe you have suffered as a result of the ACCIDENT, if any?

17884319v.1

35.     Why do you, Judith Koerner, believe you are entitled to Uninsured Motorist Benefits, as alleged in Paragraph eight (8) of your Complaint?

## REQUESTS FOR ADMISSION

Please admit that:

1.     GEICO never communicated to Plaintiff Judith Koerner that her insurance coverage for the ACCIDENT was denied.

2.     GEICO communicated to Plaintiff's counsel by letter dated May 18, 2016, that GEICO was investigating Plaintiff's claim.

3.     Plaintiff, Judith Koerner, has not given GEICO permission to obtain records from her personal injury protection file.

4.     GEICO has, on more than one occasion, requested a recorded statement from Plaintiff, Judith Koerner.

5.     Plaintiff, Judith Koerner, has not given GEICO a recorded statement.

6.     Plaintiff has not responded to GEICO's July 22, 2016, letter to Plaintiff, which requests records from Plaintiff.

17884319v.1

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce:

1.     Any and all documents identified in response to the above Interrogatories.

2.     Any and all expert reports you intend to use at the trial of this matter.

3.     All statements in your possession which were made by either a party to this lawsuit or a witness to the incident in question.

4.     Any and all demonstrative evidence including documents, charts, graphs, pictures, etc. which will be used at the trial of this matter.

5.     Any healthcare lien for reimbursement for payment of medical bills.

6.     If making a claim for future medical expenses, any records to substantiate claims for future medical expenses. If not making a claim for future medical records, please so state.

7.     Any and all employment records including pay stubs, performance evaluations, medical leave requests, Americans with Disabilities Act and Workers Compensation claims, and requests for reasonable accommodation.

8.     Any and all medical records pertaining to a concussion sustained by Judith Koerner within the past fifteen (15) years.

9.     Any and all medical records pertaining to a shoulder injury sustained by Judith Koerner within the past fifteen (15) years.

10.     Any and all medical records pertaining to a back injury sustained by Judith Koerner within the past fifteen (15) years.

-22-

11.    Any and all Worker's Compensation Claims.

12.    Any and all Medicaid records.

13.    Any and all Medicare records.

14.    If making a claim for wage loss, any records that would substantiate your claims for past or future wage loss. If not making a claim for wage loss, please so state.

15.    If making a claim for wage loss, five (5) years of state and Federal tax returns. If not making a claim for wage loss, please so state.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
Platte B. Moring, III, Esquire
I.D. No. PA56122
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034
(610) 782-4948
Fax: (610) 782-4928
moringp@whiteandwilliams.com
Attorney for Defendant,
GEICO Casualty Company

Date: October 18, 2016

17884319v.1

**WHITE AND WILLIAMS LLP**
BY:   Platte B. Moring, III, Esquire
Attorney I.D. Nos. 56122
3701 Corporate Parkway, Suite 300
Center Valley, PA  18034
610.782.4948
moringp@whiteandwilliams.com

Attorneys for Defendant,
GEICO Casualty Company

| | | |
|---|---|---|
| JUDITH KOERNER, | : | PIKE COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 746-2016 |
| GEICO CASUALTY COMPANY, | : | |
| | : | CIVIL ACTION |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Platte B. Moring, III, hereby certify that on the 18th day of October, 2016, I caused a true and correct copy of DEFENDANT'S, GEICO CASUALTY COMPANY, INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF, to be served upon the following persons listed below via first-class United States mail, postage prepaid.

Charles Kannebecker, Esquire
Law Office of Charles Kannebecker
104 W. High Street
Milford, PA  18337

**WHITE AND WILLIAMS LLP**

By: _____
Platte B. Moring, III, Esquire
I.D. No. PA56122
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034
(610) 782-4948
Attorney for Defendant,
GEICO Casualty Company

-24-

# EXHIBIT "B"

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◇+
JAN S. LOKUTA+
JASON R. OHLIGER*◇+
WALTER MACHNICKI*+
DEREK B. SMITH+

* ADMITTED IN NY
◇ ADMITTED IN NJ
+ ADMITTED IN PA

104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337

_____

(570) 296-6471
FAX (570) 296-2653
www.wskllawfirm.com

New York Office
86 Fowler Street
P.O. Box 3167
Port Jervis, NY 12771
(845) 856-4406

November 9, 2016

**VIA FACSIMILE (610) 435-8420**

White and Williams, LLP
3701 Corporate Parkway, Suite 300
Center Valley, Pennsylvania 18034

ATTN: PLATTE B. MORING, III, ESQUIRE

**RE:   JUDITH KOERNER VS. GEICO CASUALTY COMPANY**

Dear Mr. Moring:

    Regarding the above-referenced matter, attached please find
Plaintiff's Answer to Defendant GEICO's Request for Admission for
service upon you.

    Please be guided accordingly.

                        Sincerely,

                        THE LAW OFFICE OF CHARLES KANNEBECKER


                        Kim M. Polanis, Paralegal

w/attachment:

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

JUDITH KOERNER,                    :

        Plaintiff,                 :
                                   :    No.  746 - 2016
    vs.                            :
                                   :    CIVIL DIVISION
GEICO CASUALTY COMPANY,            :
                                   :
        Defendant.                 :

PLAINTIFF'S ANSWER TO DEFENDANT GEICO CASUALTY COMPANY'S
REQUEST FOR ADMISSION

1. Denied.

2. Denied. Geico lied to Plaintiff's counsel as identified in the
tape recording of Geico's call with Plaintiff's counsel. Gecio
cannot "un-lie". A thief caught stealing may not escape
responsibility by returning the good he stole after he was
caught. Further, any subsequent statements by Geico would be
merely coverup and are themselves likely to be just further lies.
     If Geico earnestly sought to address Judith Koerner's claim
properly, honestly and professionally, it would simply turn over
the tape recording. As the tape recording will accurately and
objectively depict what Geico stated, there would be no reason to
refuse to turn it over if Geico were earnestly interested in
properly, honestly and professionally conducting Judith Koerner's
claim.

3.  Plaintiff objects to the request set forth hereinafter on
the following bases:
     **Scope of Discovery** - The Request for Admission seeks
admission that exceeds the authorized scope of discovery.
     **Equal Availability** - Plaintiff objects on the basis of equal
availability as the information and documents which defendant
demands are as available to the defendant as they are to the
plaintiff. Thus, defendant should undertake to procure any
records which it desires.
     **Vague & Ambiguous and Improperly worded request and Improper
Form** - The Request for Admission seeks admission that is vague,
ambiguous,  not sufficiently delineating or is improperly worded
and presents in objectionable form.
     **Improper question/topic for Request for Admission.**

Defendant's Request for Admission is an inappropriate topic,
request for a Request for Admission.

Further, these Request for Admission were seemingly hastily
drawn without preparation or review. This conclusion is drawn
from the shoddy and unprofessional workmanship of the Requests.

By way of further response, and without waiving the
aforesaid objection, the request as stated is Denied.

4. Plaintiff objects to the request set forth hereinafter on
the following bases:

**Scope of Discovery** - The Request for Admission seeks
admission that exceeds the authorized scope of discovery.

**Equal Availability** - Plaintiff objects on the basis of equal
availability as the information and documents which defendant
demands are as available to the defendant as they are to the
plaintiff. Thus, defendant should undertake to procure any
records which it desires.

**Vague & Ambiguous and Improperly worded request and Improper
Form** - The Request for Admission seeks admission that is vague,
ambiguous,  not sufficiently delineating or is improperly worded
and presents in objectionable form.

**Improper question/topic for Request for Admission.**
Defendant's Request for Admission is an inappropriate topic,
request for a Request for Admission.

Further, these Request for Admission were seemingly hastily
drawn without preparation or review. This conclusion is drawn
from the shoddy and unprofessional workmanship of the Requests.

By way of further response, and without waiving the
aforesaid objection, the request as stated is Denied and
Plaintiff was, is and remains readily available for deposition in
accordance with Rule and law.

5. Plaintiff objects to the request set forth hereinafter on
the following bases:

**Scope of Discovery** - The Request for Admission seeks
admission that exceeds the authorized scope of discovery.

**Equal Availability** - Plaintiff objects on the basis of equal
availability as the information and documents which defendant
demands are as available to the defendant as they are to the
plaintiff. Thus, defendant should undertake to procure any
records which it desires.

**Vague & Ambiguous and Improperly worded request and Improper
Form** - The Request for Admission seeks admission that is vague,
ambiguous,  not sufficiently delineating or is improperly worded
and presents in objectionable form.

**Improper question/topic for Request for Admission.**
Defendant's Request for Admission is an inappropriate topic,
request for a Request for Admission.

**False Light** – This Request is phrased so as to create a false light impression. Unfortunately, Gecio has acted dishonestly and committed an outright lie in this matter. Thus, Geico's efforts, statements and conduct are all now undertaken in coverup and bad faith for Geico's own interest.

If Geico earnestly sought to address Judith Koerner's claim properly, honestly and professionally, it would simply turn over the tape recording. As the tape recording will accurately and objectively depict what Geico stated, there would be no reason to refuse to turn it over if Geico were earnestly interested in properly, honestly and professionally conducting Judith Koerner's claim.

As Geico's actions and conduct are driven by Geico's own self-interest in order to coverup and avoid responsibility, Gecioo's actions herein are improper and part of its coverup scheme.

By way of further response, and without waiving the aforesaid objection, the request as stated is Denied and Plaintiff was, is and remains readily available for deposition in accordance with Rule and law.

6. Plaintiff objects to the request set forth hereinafter on the following bases:

**Scope of Discovery** – The Request for Admission seeks admission that exceeds the authorized scope of discovery.

**Equal Availability** – Plaintiff objects on the basis of equal availability as the information and documents which defendant demands are as available to the defendant as they are to the plaintiff. Thus, defendant should undertake to procure any records which it desires.

**Vague & Ambiguous and Improperly worded request and Improper Form** – The Request for Admission seeks admission that is vague, ambiguous, not sufficiently delineating or is improperly worded and presents in objectionable form.

**Improper question/topic for Request for Admission.** Defendant's Request for Admission is an inappropriate topic, request for a Request for Admission.

**False Light** – This Request is phrased so as to create a false light impression. Unfortunately, Gecio has acted dishonestly and committed an outright lie in this matter. Thus, Geico's efforts, statements and conduct are all now undertaken in coverup and bad faith for Geico's own interest.

If Geico earnestly sought to address Judith Koerner's claim properly, honestly and professionally, it would simply turn over the tape recording. As the tape recording will accurately and objectively depict what Geico stated, there would be no reason to refuse to turn it over if Geico were earnestly interested in properly, honestly and professionally conducting Judith Koerner's claim.

As Geico's actions and conduct are driven by Geico's own self-interest in order to coverup and avoid responsibility, Gecioo's actions herein are improper and part of its coverup scheme.

By way of further response, and without waiving the aforesaid objection, the request as stated is Denied and Plaintiff was, is and remains readily available for deposition in accordance with Rule and law.

Respectfully submitted,

THE LAW OFFICE OF CHARLES KANNEBECKER

Charles Kannebecker, Esquire
Attorney for Plaintiff
104 West High Street
Milford, Pennsylvania 18337
(570) 296-6471

# VERIFICATION

Plaintiff hereby verifies that the foregoing Response to
Interrogatories was prepared with the assistance of counsel, upon
whose advice I have relied; that the Response is subject to
inadvertent or undiscovered errors, is based upon and therefore
limited by the records and information still in existence,
presently recollected and thus far discovered in the preparation
of this response and the handling of this case, that the language
of the Response is that of counsel, that subject to the
limitations set forth herein, the averments of the response are
true and correct to the best of my knowledge, information and
belief. Plaintiff understands that false statements herein are
made subject to the penalties of 18 Pa.C.S. § 4904, relating to
unsworn falsification to authorities.

JUDITH KOERNER

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

JUDITH KOERNER,                      :
                                     :
              Plaintiff,             :
                                     :        No.  746 - 2016
        vs.                          :
                                     :        CIVIL DIVISION
GEICO CASUALTY COMPANY,              :
                                     :
              Defendant.             :

### PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing
ANSWER TO DEFENDANT GEICO CASUALTY COMPANY'S REQUEST FOR
ADMISSION upon the persons and in the manner indicated below,
which service satisfies the requirements of Pa.R.Civ.P. 208.2.
Service by facsimile as follows:

### VIA FACSIMILE (610) 782-4928

ATTN: PLATTE MORING, ESQ.
White & Williams, LLP
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034-8233

Dated: November 9, 2016

Kim Polanis, Paralegal

# EXHIBIT "C"

**Platte B. Moring, III**

3701 Corporate Parkway, Suite 300 | Center Valley, PA 18034-8233
Direct 610.782.4948 | Fax 610.782.4921
moringp@whiteandwilliams.com | whiteandwilliams.com

October 20, 2017

<u>**Sent via Certified First-Class Mail**</u>

Charles Kannebecker, Esq.          James C. Haggerty, Esq.
Law Offices of Charles Kannebecker   1835 Market Street, Suite 2700
104 W. High Street                 Philadelphia, PA 19103
Milford, PA 18337

RE:  **Judith Koerner v. Government Casualty Company**
     **USDC, Middle District of Pennsylvania, No. 3:17-CV-00455-UN2**

Dear Counsel:

Enclosed please find a copy of Defendant's, GEICO Casualty Company, Second Requests for Admission, the original which has been filed of record with the Court today via the electronic filing system.

Very truly yours,

**WHITE AND WILLIAMS LLP**

*Platte B. Moring, III*

Platte B. Moring, III

PBM/mm
Enclosures
bcc:   Danielle Pelletier, Claims Examiner (via email)

## IN THE UNITED STATES DISTRICT COURT FOR

## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH KOERNER, | : |
| Plaintiff | : CIVIL ACTION |
| | : NO. 3:17-CV-00455-UN2 |
| v. | : |
| GEICO CASUALTY COMPANY, | : |
| Defendant. | : |

## DEFENDANT'S, GEICO CASUALTY COMPANY, SECOND REQUESTS FOR ADMISSION

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant, GEICO Casualty Company ("GEICO"), by and through its attorneys, White and Williams LLP, hereby requests that Plaintiff, by and through her attorneys, make the following admissions within thirty (30) days after service, for the purposes of this action only.

## INSTRUCTIONS

These requests for admissions are directed to the Plaintiff and, unless privilege is claimed, each and every attorney, past and present, of each and every such individual or entity.

These requests for admissions encompass all information, documents and records that are in the possession, control, or custody of Plaintiff and her attorneys.

If any objections are made to any request for admission, the reasons therefore shall be stated.

If there is any claim of privilege relating to any request to admit, you shall set forth fully the basis for the claim of privilege, including the facts upon which you rely to support the claim of privilege in sufficient detail to permit the Court to rule on the propriety of the privilege.

If your response to any request is not an unqualified admission, your answer shall specifically deny the matter and set forth in detail the reasons why you cannot truthfully admit or deny the matter.

A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify your answer or deny only a part of the matter of which an admission is requested, you should specify so much of it as is true and qualify or deny the remainder.

You may not give lack of information or knowledge as a reason for failure to admit or deny, unless you state that you have made reasonable inquiry and that the information known to you or readily obtainable by you is insufficient to enable you to admit or deny.

These requests for admission are continuous in nature and must be supplemented promptly if Plaintiff obtains or learns further of different information between the date of the response and the time of trial by which

19805009v.1

Plaintiff knew that a previous response was incorrect when made, or thought correct when made, but is then no longer true.

Unless otherwise indicated, the time period to which these requests for admissions are directed is from on or about January 1, 2000, through the present.

## DEFINITIONS

All verbs are intended to include all tenses.

References to the singular are intended to include the plural and vice versa.

"Any" as well as "all" shall be construed to mean "each and every".

"And" as well as "or" shall be construed disjunctively as well as conjunctively, as necessary, in order to bring within the scope of these requests all information that might otherwise be construed to be outside their scope.

"Refer to" or "relate to" means constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, or in any way pertaining to.

## REQUEST FOR ADMISSIONS

Please admit that:

19805009v.1

1)    At the time of the May 4, 2016, accident, Plaintiff, Judith Koerner, was insured by Defendant GEICO Casualty Company, under Policy Number: 0734-12-44-07. See GEICO 0173.

2)    The Declarations Page of Policy Number: 0734-12-44-07 for the Coverage Period of 12-08-15 through 06-09-16, states that Koerner's "Uninsured Motorists/With Stacking Each Person/Each Occurrence" limits are "$15,000/$30,000". See GEICO 0173.

3)    The GEICO Claims Note, dated 5/4/2016  05:26 PM, states in part:

> PH/DR RPTS*** VI TRVLING ON RT 287 WHEN
> RUG FELL FROM TRUCK IN FRT AND VI
> SWERVED AND STRUCK GUARDRAIL. PH STT
> THAT SHE BLACKED OUT. UNKNOWN
> GUARDRAIL DAMAGE V1 POI FRT BUMP, DR
> SIDE, NOT SAFE DRIVE.

See GEICO 0002.

4)    The GEICO Claims Note, dated 5/4/2016  05:42 PM, notes "** Loss Report (Inbound Call) ** JUDITH KOERNER, Driver" and states in part:

> PH ADV TOW COMPANY HAS HER CAR AND
> DOES NOT WANT TO RELEASE VEHICLE UNTIL
> $250.00 IS PAID; HOUSE KEYS OR MEDICATION
> IN CAR; ADV CLAIM# ADV PH HAS ERS
> COVERAGE FOR TOW V1 LOCATED AT:
> MALANGIS TOWING 39 HAMBURG TURNPIKE
> RIVERDALE NJ 973-839-6710 V1I- RIGHT ARM,

-4-

HOSPITAL TREATMENT VALLEY HOSPITAL NJ
VNM VNP VERIFIED NO ALCOHOL/DRUGS/MEDS
ADV P/R UPLOAD TO GEICO.COM ADV GEICO
MOBILE APP ADV TO UPLOAD PHOTOS TO
GEICO.COM XTR TO ERS ERS STT THAT THEY DO
NOT COVER AX TOW RELATED CLAIM, ADV
THAT PH DOES NOT HAVE COLL COVERAGE
AND DOES HAVE ERS AND NEEDS VEHICLE
TOWED ERS XTR TO ACC TOW ACC TOW ADV
THAT FEES WOULD HAVE TO BE OOPE AND
THAT ONE TOW WOULD BE COVERED UNDER
ERS PH PASSED OUT WHEN AX OCCURRED AND
DOES NOT REMEMBER EXACTLY HOW IT
OCCURRED. SHE ADV WOULD SUBMIT P/ R
WHEN AVAILABLE FOR FAO.

See GEICO 0002-0003.

5)     On or about May 10, 2016, GEICO sent a letter to Judith Koerner,

stating in part:

> Dear Ms. Koerner,
>
> I need your help to begin processing your claim. I need
> you to complete the "Application for PIP Benefits" form
> and the HIPAA Compliance Authorization form, which
> have been sent to you under separate cover. These forms
> are essential to begin processing your claim and allow us
> to contact your health care provider to obtain pertinent
> medical information regarding your claim. These forms
> must be returned as soon as practicable. We also need
> information regarding the facts of the accident, nature
> and cause of the injury, the diagnosis, and the anticipated
> course of treatment as promptly as possible after the
> accident, and periodically thereafter.
>
> The following is a summary of the benefits which may be
> available to you. If you have any questions regarding

-5-

19805009v.1

your benefits, please contact me and I will be glad to
review them with you.

<u>See</u> GEICO 0037-0038.

6)      On or about May 12, 2016, Plaintiff's attorney, Charles Kannebecker,

sent a letter to GEICO, stating in part:

> Dear Ms. Wasnak:
>
> Please be advised that this office has been retained by
> Judith Koerner relative to the injuries which she
> sustained in an automobile accident which occurred on
> May 4, 2016 in Oakland, New Jersey.
>
> The accident was caused by an automobile which did not
> stay at the scene. The vehicle which left the scene had
> content fall out of the vehicle causing the accident.
> Accordingly, this matter constitutes an Uninsured
> Motorist claim.
>
> Please accept this letter as a notification of claim for UM
> benefits under Ms. Koerner's coverage with GEICO
> Insurance Company.
>
> The accident is reported to have been reported to and
> investigated by the New Jersey State Police under case
> number B060201601313A.
>
> Further, you should undertake any investigation which
> you elect as a result.
>
> Please call or write if you have additional questions.
>
> Sincerely yours,
>
> THE LAW OFFICE OF CHARLES KANNEBECKER
>
> Charles Kannebecker, Esquire

<u>See</u> GEICO 0039-0040.

7)    On or about May 16, 2016, GEICO sent a letter to the Law Office of

Charles Kannebecker, stating in part:

>    To Whom It May Concern,
>
>    We received your letter of representation. Please have
>    your client complete the enclosed PIP and HIPAA
>    Compliant Authorization forms and promptly return them
>    to us. Also, please send us any bills and/or
>    documentation to support this claim.
>
>    I have not yet obtained a recorded statement from your
>    client and would ask that you contact me to schedule a
>    time at which this can be accomplished.
>
>    If you have questions, please contact me at the number
>    below. Please refer to our claim number when writing or
>    calling about this claim.
>
>    Sincerely,
>
>    Theresa Wasnak

<u>See</u> GEICO 0041.

8)    The GEICO Claims Note, dated 5/16/2016  04:01 PM, states in part,

"'UM BI' Exposure Transferred from Mark Dunn to Paul Brunskole."  <u>See</u> GEICO

0012.

9)      The GEICO Log Claims Note, dated 5/17/2016 10:14 AM, authored
by Paul Brunskole, states, "Police Report requested from New Jersey State Police
by Paul Brunskole." See GEICO 0012.

10)     The GEICO Claims Note, dated 5/17/2016 10:19 AM, states,
"UM_UIM_Acknowledgement Correspondence for Charles Kannebecker with a
mailing date of 05/18/2016 was submitted for batch printing by Paul Brunskole."
See GEICO 0013.

11)     The GEICO Claims Note, dated 5/17/2016 10:23 AM, authored by
Paul Brunskole, states: "***obc to Atty @ "570-296-6471 spoke w/ recept atty not
avail lm for c/b - 1st ctc – intake - sched ri – p/r - basis/ theory of UM". See
GEICO 0014.

12)     The GEICO Claims Note, dated 05/17/2016 11:41 AM, authored by
Paul Brunskole, indicates an inbound call from Attorney Charles Kannebecker. See
GEICO 0015.

13)     On or about November 28, 2017, a recording of the May 17, 2016,
phone conversation between Paul Brunskole and Attorney Charles Kannebecker
was produced to Attorney Kannnebecker.

19805009v.1

14) The following is an accurate transcription of a portion of the May 17, 2016, recording of the phone call between GEICO's Paul Brunskole and Attorney Charles Kannebecker:

| GEICO | How are you doing today? |
|-------|--------------------------|
| Charles | Good. |
| GEICO | Okay, okay. Do you have a claim number? |
| Charles | I do, but your claim numbers are so long, let me break it down – 0075462430101107 |
| GEICO | Okay, and the name of the client you are calling in regards to. |
| Charles | Judith Koerner. |
| GEICO | Okay yes I had left you a voicemail this morning thanks for giving me a call back I appreciate it. I am just looking for some intake information on Ms. Koerner. I am just trying to I guess see your basis or your theory as to why this classifies as an uninsured motorist. |
| Charles | Okay, I think I put in the letter that she was driving on the road and the vehicle in front of her had some content fall out go onto the highway and caused her to lose control. |
| GEICO | Alright I mean do you have a copy of the police report yet? |
| Charles | No. |

15) The following is an accurate transcription of a portion of the May 17, 2016, recording of the phone call between GEICO's Paul Brunskole and Attorney Charles Kannebecker:

-9-

| GEICO | I am just having a hard time in regards to the "theoriness" to be uninsured motorist because the issue I am going to have with this is that we only have her word as to what happened. According to the report she made with GEICO when she called this into us she reported that it happened about 2:00 in the afternoon and 287 is a three lane highway in each direction, nobody else had any issues with this rug that fell from the truck, um it's just questionable. We will need a recorded statement from her in regards to this. |
| --- | --- |
| Charles | Okay Paul, let me get to the bottom line. If you accept the facts as she is giving them to you do you find that there is not a UM claim? |
| GEICO | Based on this I don't because when she first reported it to us she said that she blacked out, lost control and went into a guardrail. I mean the issue I am having is we are saying a rug fell into the roadway and caused her to lose control I will need proof of this – I mean I will need to see the police report and I am also going to request a recorded statement of her for the uninsured motorist portion of this claim because it is hard for me to put all the liability on this rug cause I guess I just don't see how it can be a UM claim unless – I have questions for her. |
| Charles | Why don't you say that it can't be a UM claim? |
| GEICO | Because it happened at 2:00 in the middle of the afternoon on a three lane highway and she is the only vehicle that reports any sort of issues with this rug. No other vehicles went into guardrails as far as we know or anything like that. She reported to us that she blacked out, lost control and went into a guardrail. I mean how am I supposed to know that she lost control because of a rug. How do I know she didn't just blackout and go into a guardrail? |
| Charles | Well it seems like your position is certainly well said. I mean if she comes into a deposition and says that there was a rug or something that fell off the truck in front of her it seems that your questions and your position is still fixed |

-10-

| GEICO | No, not at all that's why I said I would like to take a recorded statement from her cause I have some additional follow-up questions I would like more clarification on. I just can't take the fact that your letter states that a rug fell off a truck and caused her to go into a guardrail as validity for an uninsured motorist claim. I have follow-up questions, I need more details in regards to it – so that's kind of one of the issues I have. I mean it's not like we are talking a hit and run with a vehicle here. |
|-------|----------------------------------------------------------------|

16)     The following is an accurate transcription of a portion of the May 17, 2016, recording of the phone call between GEICO's Paul Brunskole and Attorney Charles Kannebecker:

| Charles | Well, let's jump ahead. Let's say there is a police report and the police report comes in and to the policeman, let's say she says what she told me which is she was behind a truck, something fell out of the back of the truck and caused her to swerve. What's your position then? |
|---------|-------------------------------------------------------------|
| GEICO | I am still going to want a recorded statement from her because I am going to want a detailed recorded statement. I have specific questions I want to ask her in regards to her traveling, you know behind this vehicle. Did she see it start – you know there is a lot of questions that I have in regards to could this have been avoided – confirmation that the rug was even in the roadway, you know what lane she was in, where it fell to, you know things like that. There is a lot of questions I have. This isn't something where it happened on a single lane road you know in a city road somewhere this happened on a three lane highway at 2:00 in the afternoon. I find it very hard to believe that she was the only vehicle on the roadway at that time. |
| Charles | I don't think she said she was. |

| GEICO | But no other vehicles had any issues with this as far as we know. |
|---|---|
| Charles | As far as we know. |
| GEICO | You know this didn't cause some backup or things like that so you know there's a lot of questions. |
| Charles | I think she was taken away by ambulance so I doubt she was out monitoring the roadway for the rest of the time. |
| GEICO | Okay, I mean a police report would say if there were additional injuries that occurred from this as well, so if the police report were to come back and it was only her – if her incident is the only incident I mean how am I supposed to take that? |
| Charles | As the truth. |
| GEICO | But how come she is the only one who has an issue with this rug if this rug falls onto the roadway and you know it causes her to go off the road, how come it doesn't cause anyone else to go off the road either? |
| Charles | Maybe because Paul, she was the one behind the truck and cars further behind would have more reaction time. It seems that your intent on denying the claim. |
| GEICO | No. |

17)    The following is an accurate transcription of a portion of the May 17,

2016, recording of the phone call between GEICO's Paul Brunskole and Attorney

Charles Kannebecker:

| Charles | It is Paul because frankly if I am behind a truck and something falls out of the back of it and there is a car you know behind me – behind me several lengths, I have less time to react than the |
|---|---|

| | |
|---|---|
| | other car. The other car can move around me. So why is one affected – because one was right behind the car that's why. |
| GEICO | I am not set in denying the claim – I am set in |
| Charles | It seems you are. |
| GEICO | getting a recorded interview though. That's what I am set in. |
| Charles | I have a much different take on our conversation Paul. It is clear to me that you are intent on denying it. |
| GEICO | I am not because I don't have a police report yet, I don't have a recorded interview from your client, our insured yet. So these are things I am requesting and asking for before I make any sort of determination in regards to liability in this case or if we are going to accept or you know validate or deny the uninsured motorist claim. I can't do that based off her just her initial statement in regards to it. If you are not going to allow your client to give a recorded interview then I will have to go off just the initial statement and the police report when it becomes available but again I am requesting a recorded statement if your client can give me details as far as what happened in this incident – I am not at a point where I am denying this claim. |

18)     The following is an accurate transcription of a portion of the May 17,

2016, recording of the phone call between GEICO's Paul Brunskole and Attorney

Charles Kannebecker:

| Charles | Well based on your call and our discussion here, I think it's pretty clear. Okay, Paul I wanted to call you back right away but you know, I see that it's clear here and then so we will go |
|---|---|
| GEICO | Okay so are you not going to allow your client to give a recorded interview for this matter? |

| Charles | What I am telling you Paul is I have listened to your call, I have read the questions you called in with, and it is clear to me that you are denying the claim. You haven't give me satisfactory answers so we are going to proceed |
|---------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| GEICO | I asked for a recorded interview of your client. |
| Charles | Have a good day – have a good day. |
| GEICO | Does your client have injuries - pierce the limitation on lawsuit though? It happened in New Jersey. I mean that's another question we can ask as well. If this is a valid UM does she have injuries that pierce the limitation on lawsuit threshold? |
| Charles | Okay Paul, have a good day. |
| GEICO | I am trying to work with you in regards to this and you are not willing to work with me. |
| Charles | Paul, every question that you ask has a purpose and design to deny the claim. |
| GEICO | No the purpose is to get more information. |

19) The following is an accurate transcription of a portion of the May 17, 2016, recording of the phone call between GEICO's Paul Brunskole and Attorney Charles Kannebecker:

| Charles | Listen to me. |
|---------|---------------|
| GEICO | I am listening to you. |
| Charles | No because every time I talk you talk over me and frankly I am a little tired of it at this point. The only reason you would ask about does she pierce the New Jersey limitation on lawsuit threshold is because you are trying to say there is another basis why she wouldn't have a claim. |

| GEICO | No because you are not allowing her to give a recorded statement. |
|---|---|
| Paul | Can I finish? |
| GEICO | Sure. |
| Charles | The New Jersey limitation on lawsuits threshold would not even apply so the fact that you would raise it when its inapplicable as a matter of law |
| GEICO | How so because |
| Charles | Patent demonstration of where you are going. |
| GEICO | But it happened in New Jersey so how would it not apply though? I guess I am just confused by that. |
| Charles | You are confused because you are looking at it from a purpose of denying it. If you went through the objective criteria of when the New Jersey ____ would apply you would have your answer. But you don't. You have gone off on the other end because your purpose is not to reach an objective conclusion but to deny the claim which is why you raised the issue and are asserting it when it's not even going to be applicable as a matter of law. |
| GEICO | Well that's an assumption by yourself – I haven't made that – I am strictly asking now because the accident happened in New Jersey so how's the New Jersey limitation ____ would not apply – I don't get why that wouldn't apply in this matter. |
| Charles | We will get a court determination that it doesn't apply and what's key is you are insisting on it and raising it. It is your intent in raising it and arguing it that's really the operative issue here. When it doesn't get applied the judge will make that decision but your intent and your purpose for raising it are really improper |
| GEICO | No, no I merely asked a question. |

-15-

| Charles | Have a good day. |
|---|---|
| GEICO | So then – I am trying to help you out with this claim but |
| Charles Ends Phone Call | |

20)   A May 17, 2017, fax from Attorney Kannebecker to GEICO's Paul

Brunskole states in part:

> Dear Mr. Brunskole
>
> As a matter of evidence, I interpose this demand that you preserve the recording of our call this day. The call will be a matter of evidence and you are thus prohibited from destroying the recording of our call. Please be advised that failure to preserve this information will constitute spoliation of evidence.
>
> Also, please forward a copy of the recording or I will issue a subpoena to compel production of the same.
>
> Additionally, you relayed that Mrs. Koerner told Geico that she lost consciousness and that loss caused the accident. Upon your receipt, please forward the material, documentation or evidence that Mrs. Koerner told Geico that she lost consciousness.
>
> Sincerely,
>
> THE LAW OFFICE OF CHARLES KANNEBECKER
>
> Charles Kannebecker, Esquire

See GEICO 0042.

21) On or about May 18, 2016, GEICO's Paul Brunskole sent a letter to Attorney Kannebecker, stating in part:

> Dear Charles Kannebecker,
>
> We have received your letter of representation dated May 12, 2016. I am handling this case. Please forward copies of all medical-documentation and lost wage verification currently available. Please have your client sign and return the enclosed authorizations to obtain medical and wage information, so that I may assist you in obtaining the documentation necessary to support your client's claim.
>
> I have not yet obtained a recorded statement from your client and would ask that you contact me to schedule a time at which this can be accomplished.
>
> If you have any questions, please contact me at the number below. Please refer to our claim number when writing or calling about this claim.
>
> Sincerely,
>
> Paul Brunskole

See GEICO 0045-0048.

22) On or about May 18, 2016, GEICO's Paul Brunskole sent a letter to Attorney Kannebecker, stating in part:

> Dear Charles Kannebecker,
>
> This is to acknowledge receipt of your notice of intention to make an Uninsured/Underinsured Motorist claim on behalf of your above captioned client.

19805009v.1

Please be advised that we are still investigating your client's claim. To that end, kindly forward a copy of the police accident report, an uninsured motorist application, along with any other documentation in your possession.

In addition, kindly forward the following:

- a copy of all medical and hospital records, and authorizations permitting the release of same;

- authorization permitting the release of all diagnostic tests; authorization permitting the release of your client's medical records from all treating physicians; if your client(s) does not carry medical payments coverage and/or other health insurance coverage applicable to this loss, please provide an affidavit of no insurance.

- authorization permitting the release of your client's employment/school records.

- authorization permitting the release of your client's MRI, CT scan, or X-ray films.

Once we are in receipt of the foregoing, and we have confirmed your client's Uninsured/Underinsured Motorist claim, we may require that your client(s) submit to physical examinations and/or Examination(s) Under Oath, as required under policy # 0734124407 issued to Judith Koerner.

Thank you for your prompt attention to this matter.

Sincerely,

Paul Brunskole

See GEICO 0043-0044.

19805009v.1

23)	On May 19, 2016, Plaintiff filed a Complaint in this action in the

Court of Common Pleas of Pike County at Docket No. 746-2016, alleging a single

Count of Breach of Contract.

24)	A May 20, 2016, fax from Attorney Kannebecker to GEICO's Paul

Brunskole states:

> Dear Mr. Brunskole:
>
> I write in follow up to my previous fax of May 17, 2016.
>
> I reiterate the demand that you preserve the recording of our call of May 17, 2016. That call will be a matter of evidence and you are thus prohibited from destroying the recording of our call. Please be advised that failure to preserve this information will constitute spoliation of evidence.
>
> Additionally, I repeat my request for a copy of the recording.
>
> Finally, you relayed that Mrs. Koerner told Geico that she lost consciousness and that loss caused the accident. Upon your receipt, please forward the material, documentation or evidence that Mrs. Koerner told GEICO that she lost consciousness.
>
> Sincerely,
>
> THE LAW OFFICE OF CHARLES KANNEBECKER
>
> Charles Kannebecker, Esquire

See GEICO 0049.

25)    A May 23, 2016, fax from Attorney Kannebecker to GEICO's Paul

Brunskole states:

> Dear Mr. Brunskole:
>
> I write in follow up to my previous faxes of May 17,
> 2016 and May 20, 2016.
>
> My office received your call today in which you relayed
> that you are "currently looking into that specific call to
> see if it were recorded".
>
> I will be surprised if it is not and will actively move
> appropriately if that call is erased.
>
> Also, my letters also addressed the issue about
> information beyond just the recording. You relayed that
> Mrs. Koerner told Geico that she lost consciousness and
> that loss caused the accident. I have now asked for
> material, documentation or evidence twice already. Thus,
> while you called regarding the recording, you still
> avoided this issue again,
>
> Upon your receipt, please forward the material,
> documentation or evidence that Mrs. Koerner told Geico
> that she last consciousness.
>
> THE LAW OFFICE OF CHARLES KANNEBECKER
>
> Charles Kannebecker, Esquire

See GEICO 0050.


26)    A GEICO Claims Note, dated 5/24/2016  02:17 PM states in part,

"ack below obc to ph att lmwp, need 1st ctc need to discuss liab/foa need to see if

atty will allow statement."  See GEICO 0017.

-20-

27) A May 25, 2016, fax from Attorney Kannebecker to GEICO's Paul Brunskole states:

> Dear Mr. Brunskole:
>
> I write in follow up to my previous faxes of May 17, 2016, May 20, 2016 and May 23, 2016.
>
> I write 1 additional time in follow up to my previous requests for the recording and for the information regarding accident causation.
>
> I reiterate my request for a copy of the recording. I also reiterate my request concerning your statement that Mrs. Koerner told GEICO that she lost consciousness and that loss caused the accident. I have now asked for this material, documentation or evidence thrice already.
>
> Upon your receipt, please forward the material, documentation or evidence that Mrs. Koerner told GEICO that she lost consciousness.
>
> THE LAW OFFICE OF CHARLES KANNEBECKER
>
> Charles Kannebecker, Esquire

See GEICO 0052.

28) On June 2, 2016, Plaintiff, Judith Koerner, filed a second action against GEICO in the Court of Common Pleas of Pike County, at Docket No. 810-2016. See GEICO 0054 – 0058.

29)     A GEICO Claims Note, dated 06/03/2016 10:19 AM, states in part,
"ack below obc to ph att lmwp, need 1st ctc need to discuss liab/foa need to see if
atty will allow statement." See GEICO 0018.

30)     A GEICO Claims Note, dated 06/03/2016 01:21 PM, states in part,
"ack vm from atty obc to ph atty advised I was new h/e atty wanted recording from
he and prior h/e advised cannot provide at this time as that is our work product atty
advised he may look to do something about that." See GEICO 0018.

31)     On or about July 8, 2016, GEICO mailed a letter to Attorney
Kannebecker stating, in part:

> Dear Mr. Kannebecker:
>
> I am the Claims Supervisor assigned to the Uninsured-
> Motorist ("UM") claim of Judith Koerner concerning her
> motor vehicle accident of May 4, 2016. I have reviewed
> the entire claims file in this matter. The UM claim
> remains open. GEICO Casualty Company has not denied
> the UM claim. GEICO is still in the process of
> investigating all issues related to liability and damages in
> this accident. In this regard, GEICO once again seeks
> your cooperation in scheduling the recorded statement of
> Judith Koerner. I would appreciate it if you would
> contact me to schedule same.
>
> Sincerely,
>
> David Nitsche
> Claims Department

See GEICO 0171.

-22-

32) On or about July 22, 2016, GEICO's Danielle Pelletier sent a letter to Charles Kannebecker stating:

> Dear Charles Kannebecker,
>
> Please be advised that your client's uninsured motorist claim has been reassigned to me for continued handling.
>
> I would like to review your client's medical records. Please forward me a copy of your client's records or provide me with permission to obtain them from her personal injury protection file.
>
> I would also like to reiterate our request for your client's recorded statement.
>
> I look forward to speaking with you soon.
>
> Sincerely,
>
> Danielle Pelletier

See GEICO 0215.

33) Plaintiff's counsel never responded to GEICO's July 8, 2016, and July 22, 2016, letters referenced in Requests for Admission No. 31 and 32 above.

34) On or about October 18, 2016, GEICO served discovery requests upon Plaintiff.

35) On or about December 29, 2016, Plaintiff mailed to GEICO her discovery responses which included the production of medical records. See GEICO 0216 – 0442.

-23-

36)     On or about February 1, 2017, GEICO's Danielle Pelletier sent a letter to Charles Kannebecker stating:

> Dear Mr. Kannebecker:
>
> This letter follows the letter of David Nitsche, dated July 8, 2016 and my letter, dated July 22, 2016, in the above-referenced matter. I have reviewed Plaintiff's responses to Defendant's Requests for Production of Documents and Interrogatories, dated December 29, 2016, concerning the Uninsured Motorist ("UM") claim of Judith Koerner for her motor vehicle accident of May 4, 2016. I have also reviewed the entire claims file in this matter. GEICO Casualty Company is now in the position to tender the policy limits for UM coverage on your client's Policy No, 0734-12-44-07 in the amount of $15,000.00. Please find attached a check made out to Judith Koerner and Charles Kannebecker, Esq. in that amount. Should you have any questions, please feel free to contact me.
>
> Sincerely,
>
> Danielle Pelletier

See GEICO 0443-0444.


37)     On or about February 6, 2017, Charles Kannebecker sent a letter to GEICO stating, in part:

> Dear Sir/Madam:
>
> This check was received by our office alone in an envelope.
>
> Sincerely,

-24-

THE LAW OFFICE OF CHARLES KANNEBECKER

Charles Kannebecker, Esquire

<u>See</u> GEICO 0445 - 0557.

38)    On February 22, 2017, Plaintiff filed an Amended Complaint in this

action, alleging breach of contract and bad faith against GEICO.

39)    On or about February 23, 2017, GEICO sent to Attorney

Kannebecker the letter quoted in Request for Admission 36, along with a check for

$15,000.  <u>See</u> GEICO 0448.

40)    On or about February 24, 2017, Attorney Kannebecker sent a letter to

GEICO's Danielle Pelletier, stating:

> Dear Ms. Pelletier:
>
> Regarding the above-referenced matter, enclosed please
> find your check number 089442442 in the amount of
> $15,000.00 which I am returning to you.
>
> Sincerely,
>
> THE LAW OFFICE OF CHARLES KANNEBECKER
>
> Charles Kannebecker, Esquire

<u>See</u> GEICO 0449 – 0451.

41)    GEICO never communicated to Plaintiff Judith Koerner or her

counsel that her insurance claim for the ACCIDENT was denied.

42)    Plaintiff, Judith Koerner, never provided GEICO with a recorded statement.

**WHITE AND WILLIAMS LLP**


By: /s/ Platte B Moring, III
       Platte B. Moring, III, Esq.
       Attorneys for Defendant,
       GEICO Casualty Company

Date:   October 20, 2017

19805009v.1

# IN THE UNITED STATES DISTRICT COURT FOR

# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH KOERNER, | : |
| Plaintiff | : CIVIL ACTION |
| | : |
| | : NO. 3:17-CV-00455-UN2 |
| v. | : |
| | : |
| GEICO CASUALTY COMPANY, | : |
| | : |
| Defendant. | : |
| | : |

## CERTIFICATE OF SERVICE

I, Platte B. Moring III, Esquire, hereby certify that on this 20th day of October, 2017, true and correct copies of DEFENDANT'S, GEICO CASUALTY COMPANY, SECOND REQUESTS FOR ADMISSION, have been filed electronically, and served upon the following persons first-class United States mail, postage prepaid:

Charles Kannebecker, Esquire
104 W. High Street
Milford, PA 18337


James C. Haggerty, Esquire
1835 Market Street, Suite 2700
Philadelphia, PA 19103

19805009v.1

**WHITE AND WILLIAMS LLP**


/s/ Platte B Moring, III
Platte B. Moring, III, Esquire
ID No. PA 56122
3701 Corporate Parkway
Center Valley, PA 18034
610.782.4948
moringp@whiteandwilliams.com
Attorney for Defendant,
Dated: October 20, 2017                     GEICO Casualty Company

19805009v.1

# EXHIBIT "D"

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◇+
JAN S. LOKUTA+
JASON R. OHLIGER*◇+
WALTER MACHNICKI*+
DEREK B. SMITH+

104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337

———

(570) 296-6471
FAX (570) 296-2653
www.wskllawfirm.com

New York Office
86 Fowler Street
P.O. Box 3167
Port Jervis, NY 12771
(845) 856-4406

* ADMITTED IN NY
◇ ADMITTED IN NJ
+ ADMITTED IN PA

November 7, 2017

**VIA FACSIMILE (610) 435-8420**

White and Williams, LLP
3701 Corporate Parkway, Suite 300
Center Valley, Pennsylvania 18034

ATTN: PLATTE B. MORING, III, ESQUIRE

**RE:   JUDITH KOERNER VS. GEICO CASUALTY COMPANY**

Dear Mr. Moring:

    Attached herewith for service upon you please find Plaintiff's Answer to Defendant GEICO's Second Request for Admission.

    Please be guided accordingly.

        Sincerely,

        THE LAW OFFICE OF CHARLES KANNEBECKER

        Maggie Potenza, Legal Assistant

w/attachment:

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDITH KOERNER,                    :
                                   :
            Plaintiff,             :
                                   :        CIVIL ACTION
      vs.                          :
                                   :        NO. 3:17-CV-00455-UN2
GEICO CASUALTY COMPANY,            :
                                   :
            Defendant.             :

---

### PLAINTIFF'S ANSWER TO DEFENDANT GEICO CASUALTY COMPANY'S
### SECOND REQUEST FOR ADMISSION

The Plaintiff, Judith Koerner, by and through her counsel,
The Law Office of Charles Kannebecker, hereby responds to the
Second Request of Admissions of Defendant, GEICO Casualty Company
as follows:

### GENERAL OBJECTIONS

A. Plaintiff objects to the instructions set forth in
Defendant's instructions exceeding the scope of F.R.C.P. 36.

B. Plaintiff objects to the scope and propriety of said
Admissions to the extent that they seek responses to facts not
contained in the record or properly the subject of admissions.

C. Plaintiff objects to the within Request for Admissions as
the subject of the same exceed the within the scope of Rules
F.R.C.P 26(b)(1).

D. Plaintiff objects to requests regarding the genuineness
of documents and/or other materials referenced in said admissions
to the extent that said documents and materials in that complete

copies have not accompanied these Requests or have not been
provided by Defendant in violation of F.R.C.P.36(2).

E. Plaintiff objects to Defendants Admissions in that LR
36.1 Requests for Admission, mandates that Requests for
admissions to a party, as a matter of right, shall not exceed
twenty five (25)in number.

F. Plaintiff objects to the within Request for Admissions in
that they are improper demands and methods to authenticate
documents and selective materials which are outside the scope of
Plaintiff's knowledge.

G. The Requests for Admission seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence.

H. The Requests for Admission seeks are vague, ambiguous,
not sufficiently delineating and/or are improperly worded and
presented in objectionable form.

### RESPONSES AND FURTHER OBJECTIONS

Without waiver of said objections, Plaintiff, responds as
follows:

1. Objection. Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored by the Defendant. Without
waiver of said objection, Plaintiff admits that she was an
insured under a contract of automobile insurance issued by the

defendant GEICO on the aforesaid date. The remainder of this
Admission in denied. GEICO did not attach a copy of said document
to the Request for Admissions, instead referencing GEICO 0173
which was produced by GEICO in discovery and is believed to be an
internal document authored by the Defendant. Thus, after
reasonable inquiry, the information known or readily available to
Plaintiff is insufficient and Plaintiff is unable to admit or
deny the truth of the remainder of the within request for
admission and the document referenced therein. This document can
only be properly authenticated by Defendant. Strict proof of
authentication is herein demanded.

     2.   Objection.   Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored by the Defendant.   Without
waiver of said objection, Plaintiff admits that she was an
insured under a contract of automobile insurance issued by the
defendant GEICO on the aforesaid date but denies the limits of
coverage as contained in said admission. The remainder of this
Admission in denied. GEICO did not attach a copy of said document
to the Request for Admissions, instead referencing GEICO 0173
which was produced by GEICO in discovery and is believed to be an
internal document authored by the Defendant. Thus, after
reasonable inquiry, the information known or readily available to
Plaintiff is insufficient and Plaintiff is unable to admit or
deny the truth of the remainder of the within request for

admission and the document referenced therein. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

3. Objection. This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant. Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. GEICO did not attach a copy of said document to the Request for Admissions, instead referencing GEICO 0002 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission and the document referenced therein. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

4. Objection. This request seeks information which is irrelevant to the subject matter of this litigation and is not

reasonably calculated to lead to admissible evidence. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant.  Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0002-0003 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission and the document referenced therein. This document
can only be properly authenticated by Defendant. Strict proof of
authentication is herein demanded.

     5.  Objection.  This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant.  Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of

the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0037-0038 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission and the document referenced therein. This document
can only be properly authenticated by Defendant. Strict proof of
authentication is herein demanded.

    6. Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Without
waiver of said objection, the admission is denied. Said letter is
a document the contents of which speak for themselves without
selective reference by the Defendant.  Moreover, a copy of the
entire letter was not attached to Defendant's Request for
Admissions as required by F.R.C.P.36(2).

    7. Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence.  This
request seeks information which is irrelevant to the subject

matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant. Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. GEICO did not attach a copy of said letter to the Request for Admissions, instead referencing GEICO 0041 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission and the document referenced therein. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

8.  Objection.  This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant.  Without waiver of said objection, in

denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0012 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

9.   Objection.  This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant.  Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing

GEICO 0012 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

      10.  Objection.  This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant.  Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. GEICO did not attach a copy of said document to the Request for Admissions, instead referencing GEICO 0013 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request

for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

    11.  Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence.  Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant.  Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0014 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

    12.  Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence.  Said
Request for Admission is improper and beyond the scope of F.R.C.P

36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant. Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0015 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

13. Objection. Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored by the Defendant. Moreover,
said admission addresses a date that has not occurred (November
28, 2017) and this Admission is further objected to as
unintelligible as written.

14. Objection. Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored by the Defendant. Without
waiver of said objection, in denying the uninsured motorist

claim, the Claim Representative of the defendant, GEICO,
fabricated a story about the manner in which the motor vehicle
accident occurred and what Judith Koerner reported thereby
attempting to place blame for the accident upon the plaintiff,
Judith Koerner. Improperly, GEICO did not attach a copy of the
entirety of the transcript to the Request for Admissions, instead
referencing selective portions and omitting portions of the
alleged transcription. Thus, after reasonable inquiry, the
information known or readily available to Plaintiff is
insufficient and Plaintiff is unable to admit or deny the truth
of the remainder of the within request for admission. Strict
proof of authentication and accuracy is herein demanded.

   15.   Objection.  Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored/prepared by the Defendant.
Without waiver of said objection, in denying the uninsured
motorist claim, the Claim Representative of the defendant, GEICO,
fabricated a story about the manner in which the motor vehicle
accident occurred and what Judith Koerner reported thereby
attempting to place blame for the accident upon the plaintiff,
Judith Koerner. Moreover, GEICO did not attach a copy of the
entirety of the transcript to the Request for Admissions, instead
referencing selective portions and omitting portions of the
alleged transcription. Thus, after reasonable inquiry, the
information known or readily available to Plaintiff is

insufficient and Plaintiff is unable to admit or deny the truth
of the remainder of the within request for admission. Strict
proof of authentication and accuracy is herein demanded.

    16.  Objection.  Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored/prepared by the Defendant.
Without waiver of said objection, in denying the uninsured
motorist claim, the Claim Representative of the defendant, GEICO,
fabricated a story about the manner in which the motor vehicle
accident occurred and what Judith Koerner reported thereby
attempting to place blame for the accident upon the plaintiff,
Judith Koerner. Moreover, GEICO did not attach a copy of the
entirety of the transcript to the Request for Admissions, instead
referencing selective portions and omitting portions of the
alleged transcription. Thus, after reasonable inquiry, the
information known or readily available to Plaintiff is
insufficient and Plaintiff is unable to admit or deny the truth
of the remainder of the within request for admission. Strict
proof of authentication and accuracy is herein demanded.

    17.  Objection.  Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored/prepared by the Defendant.
Without waiver of said objection, in denying the uninsured
motorist claim, the Claim Representative of the defendant, GEICO,
fabricated a story about the manner in which the motor vehicle

accident occurred and what Judith Koerner reported thereby
attempting to place blame for the accident upon the plaintiff,
Judith Koerner. Moreover, GEICO did not attach a copy of the
entirety of the transcript to the Request for Admissions, instead
referencing selective portions, and omitting portions of the
alleged transcription. Thus, after reasonable inquiry, the
information known or readily available to Plaintiff is
insufficient and Plaintiff is unable to admit or deny the truth
of the remainder of the within request for admission. Strict
proof of authentication and accuracy is herein demanded.

        18.   Objection.  Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored/prepared by the Defendant.
Without waiver of said objection, in denying the uninsured
motorist claim, the Claim Representative of the defendant, GEICO,
fabricated a story about the manner in which the motor vehicle
accident occurred and what Judith Koerner reported thereby
attempting to place blame for the accident upon the plaintiff,
Judith Koerner. Moreover, GEICO did not attach a copy of the
entirety of the transcript to the Request for Admissions, instead
referencing selective portions, and omitting portions of the
alleged transcription. Thus, after reasonable inquiry, the
information known or readily available to Plaintiff is
insufficient and Plaintiff is unable to admit or deny the truth

of the remainder of the within request for admission. Strict
proof of authentication and accuracy is herein demanded.

19.   Objection.  Said Request for Admission is improper and
beyond the scope of F.R.C.P 36 in that it seeks authentication by
Plaintiff of document(s) authored/prepared by the Defendant.
Without waiver of said objection, in denying the uninsured
motorist claim, the Claim Representative of the defendant, GEICO,
fabricated a story about the manner in which the motor vehicle
accident occurred and what Judith Koerner reported thereby
attempting to place blame for the accident upon the plaintiff,
Judith Koerner. Moreover, GEICO did not attach a copy of the
entirety of the transcript to the Request for Admissions, instead
referencing selective portions and omitting other portions of the
alleged transcription, and omitting statements. Thus, after
reasonable inquiry, the information known or readily available to
Plaintiff is insufficient and Plaintiff is unable to admit or
deny the truth of the remainder of the within request for
admission. Strict proof of authentication and accuracy is herein
demanded.

20.   Denied. Said letter is a document the contents of which
speak for themselves without selective reference by the
Defendant.  Moreover, a copy of the entirety of said letter was
not attached to Defendant's Request for Admissions as required by
F.R.C.P.36 (2).

21. Objection. This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant. Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. GEICO did not attach a copy of said document to the Request for Admissions, instead referencing GEICO 0045-0048 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

22.  Objection. This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant.  Without waiver of said objection, in denying

the uninsured motorist claim, the Claim Representative of the
defendant, GEICO, fabricated a story about the manner in which
the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0043-0044 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

     23.  Objection.  This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Without
waiver of said objection, said admission is denied. The Complaint
is a legal document filed of record with the Prothonotary for the
Court of Common Pleas of Pike County, Pennsylvania. That
Complaint speaks for itself without characterization or selective
reference by the defendant.

     24.  Denied. Said letter is a document the contents of which
speak for themselves without selective reference by the
Defendant.  Moreover, a copy of the entirety of said letter was

not attached to Defendant's Request for Admissions as required by
F.R.C.P.36 (2).

25. Denied. Said letter is a document the contents of which
speak for themselves without selective reference by the
Defendant. Moreover, a copy of the entirety of said letter was
not attached to Defendant's Request for Admissions as required by
F.R.C.P.36 (2).

## REITERATION OF GENERAL OBJECTION

Plaintiff reiterates her objections to the remainder of
Defendants Admissions pursuant to LR 36.1 Requests for Admission,
which mandates that Requests for admissions to a party, as a
matter of right, shall not exceed twenty five (25)in number.
Without waiver of said objection, Plaintiff responds as follows:

26. Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is unintelligible as written and Plaintiff is
unable to decipher the same. Said Request for Admission is
improper and beyond the scope of F.R.C.P 36 in that it seeks
authentication by Plaintiff of document(s) authored by the
Defendant. Without waiver of said objection, in denying the
uninsured motorist claim, the Claim Representative of the
defendant, GEICO, fabricated a story about the manner in which
the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon

the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0017 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

27.  Denied. Said letter is a document the contents of which
speak for themselves without selective reference by the
Defendant.  Moreover, a copy of the entirety of said letter was
not attached to Defendant's Request for Admissions as required by
F.R.C.P.36 (2).

28.  Denied. The Complaint is a legal document filed of
record with the Prothonotary for the Court of Common Pleas of
Pike County, Pennsylvania. That Complaint speaks for itself
without characterization or selective reference by the defendant.

29.  Objection.  Objection.  This request seeks information
which is irrelevant to the subject matter of this litigation and
is not reasonably calculated to lead to admissible evidence.
Moreover, said admission is unintelligible as written and
Plaintiff is unable to decipher the same. Said Request for
Admission is improper and beyond the scope of F.R.C.P 36 in that
it seeks authentication by Plaintiff of document(s) authored by

the Defendant. Without waiver of said objection, in denying the
uninsured motorist claim, the Claim Representative of the
defendant, GEICO, fabricated a story about the manner in which
the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0018 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

        30. Objection. Objection. This request seeks information
which is irrelevant to the subject matter of this litigation and
is not reasonably calculated to lead to admissible evidence.
Moreover, said admission is unintelligible as written and
Plaintiff is unable to decipher the same. Said Request for
Admission is improper and beyond the scope of F.R.C.P 36 in that
it seeks authentication by Plaintiff of document(s) authored by
the Defendant. Without waiver of said objection, in denying the
uninsured motorist claim, the Claim Representative of the
defendant, GEICO, fabricated a story about the manner in which
the motor vehicle accident occurred and what Judith Koerner

reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0018 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

    30. Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is unintelligible as written and Plaintiff is
unable to decipher the same. Said Request for Admission is
improper and beyond the scope of F.R.C.P 36 in that it seeks
authentication by Plaintiff of document(s) authored by the
Defendant.  Without waiver of said objection, in denying the
uninsured motorist claim, the Claim Representative of the
defendant, GEICO, fabricated a story about the manner in which
the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0018 which was produced by GEICO in discovery and is

believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

31.   Objection. Objection. This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant.  Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. GEICO did not attach a copy of said document to the Request for Admissions, instead referencing GEICO 0171 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission. This document can only be properly

authenticated by Defendant. Strict proof of authentication is
herein demanded.

32.  Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant. Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0215 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

33.  Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is unintelligible as written and Plaintiff is

unable to decipher the same. Said Request for Admission is
improper and beyond the scope of F.R.C.P 36 and specifically
outside the scope of Rule 26(b)(1)in that it seeks information
concerning matters that are neither admissible and nor relevant.
Without waiver of said objection, Plaintiff has provided
responses to Defendant pursuant to allowable rules of federal
discovery.

34. Objection.  This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 and specifically outside the scope of Rule 26(b)(1)in that it
seeks information concerning matters that are neither admissible
and nor relevant. Without waiver of said objection, the documents
referenced speak for themselves without selective reference by
the Defendant and without waiver Plaintiff has provided responses
to Defendant pursuant to allowable rules of federal discovery.

35.  Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 and specifically outside the scope of Rule 26(b)(1)in that it
seeks information concerning matters that are neither admissible

and nor relevant. Without waiver of said objection, the documents
referenced speak for themselves without selective reference by
the Defendant. Moreover, Plaintiff has provided responses to
Defendant pursuant to allowable rules of federal discovery.

　　36.　Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant.  Without waiver of said objection, in
denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0443-0444 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

37.   Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written.   Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 and specifically outside the scope of Rule 26(b)(1)in that it
seeks information concerning matters that are neither admissible
and nor relevant. Without waiver of said objection, the documents
referenced speak for themselves without selective reference by
the Defendant.

38.   Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written. Without
waiver of said objection the admission is deemed denied. The
Complaint is a legal document filed of record. That Complaint
speaks for itself without characterization or selective reference
by the defendant.

39.   Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written. Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks authentication by Plaintiff of document(s)
authored by the Defendant.   Without waiver of said objection, in

denying the uninsured motorist claim, the Claim Representative of
the defendant, GEICO, fabricated a story about the manner in
which the motor vehicle accident occurred and what Judith Koerner
reported thereby attempting to place blame for the accident upon
the plaintiff, Judith Koerner. GEICO did not attach a copy of
said document to the Request for Admissions, instead referencing
GEICO 0448 which was produced by GEICO in discovery and is
believed to be an internal document authored by the Defendant.
Thus, after reasonable inquiry, the information known or readily
available to Plaintiff is insufficient and Plaintiff is unable to
admit or deny the truth of the remainder of the within request
for admission. This document can only be properly authenticated
by Defendant. Strict proof of authentication is herein demanded.

    40. Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written.  Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 and specifically outside the scope of Rule 26(b)(1)in that it
seeks information concerning matters that are neither admissible
and nor relevant. Without waiver of said objection, the documents
referenced speak for themselves without selective reference by
the Defendant.

    41.  Objection.  This request seeks information which is
irrelevant to the subject matter of this litigation and is not

reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written.  Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks information outside the scope of F.R.C.P 26
(b)(1). Without waiver of said objection, Plaintiff denies the
allegations contained in the within Admission. GEICO has, in
fact, refused to acknowledge, properly investigate and/or
acknowledge their contractual obligations under the policy of
insurance issued to the Plaintiff. On the contrary, the Claim
Representative of the defendant, GEICO, fabricated a story about
the manner in which the motor vehicle accident occurred and what
Judith Koerner reported thereby attempting to place blame for the
accident upon the plaintiff, Judith Koerner, as set forth in
Plaintiff's Complaint.

　　　42.   Objection. This request seeks information which is
irrelevant to the subject matter of this litigation and is not
reasonably calculated to lead to admissible evidence. Moreover,
said admission is vague and unintelligible as written.  Said
Request for Admission is improper and beyond the scope of F.R.C.P
36 in that it seeks information outside the scope of F.R.C.P 26
(b)(1). Without waiver of said objection, Plaintiff denies the
allegations contained in the within Admission. GEICO has, in
fact, refused to acknowledge, properly investigate and/or
acknowledge their contractual obligations under the policy of
insurance issued to the Plaintiff. On the contrary, the Claim

Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner, as set forth in Plaintiff's Complaint. Moreover, Defendant, can proceed lawfully to conduct a deposition of Plaintiff which it has failed to pursue, instead of attempting to blame Plaintiff for its own lack of diligence and proper investigation.

Respectfully submitted,

**Law Office of Charles Kannebecker**

Charles Kannebecker, Esq.

VERIFICATION

Plaintiff hereby verifies that the foregoing Response to
Request for Admissions was prepared with the assistance of
counsel, upon whose advice I have relied; that the Response to
Request for Admissions subject to inadvertent or undiscovered
errors, is based upon and therefore limited by the records and
information still in existence, presently recollected and thus
far discovered in the preparation of this Answer to Request for
Admissions and the handling of this case, that the language of
the Response to Request for Admissions is that of counsel, that
subject to the limitations set forth herein, the averments of the
Answer to Request for Admissions are true and correct to the best
of my knowledge, information and belief. Plaintiff understands
that false statements herein are made subject to the penalties of
18 Pa.C.S. § 4904, relating to unsworn falsification to
authorities.

Date: 11-7-17

_____
JUDITH KOERNER

## IN THE COURT OF COMMON PLEAS OF
## PIKE COUNTY, PENNSYLVANIA

JUDITH KOERNER,                        :
                                       :
            Plaintiff,                 :
                                       :        No.  746 - 2016
      vs.                              :
                                       :        CIVIL DIVISION
GEICO CASUALTY COMPANY,                :
                                       :
            Defendant.                 :

---

### PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing
ANSWER TO DEFENDANT GEICO CASUALTY COMPANY'S SECOND REQUEST FOR
ADMISSION upon the persons and in the manner indicated below,
which service satisfies the requirements of Pa.R.Civ.P. 208.2.
Service by facsimile as follows:

### VIA FACSIMILE (610) 435-8420

ATTN: PLATTE MORING, ESQ.
White & Williams, LLP
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034-8233

Dated: November 7, 2017

Maggie Potenza, Legal Assistant

# EXHIBIT "E"

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| | passengers for a fee at the time of this loss? No – Passengers/ Injured Parties – 1999 HONDA CIVIC LX Number of Passengers 0 Judith A Koerner Injured – None Selected – Other Non-Vehicle Property Damage – No – Permissive Use Auto Set to : Yes | | | | |
| 05/04/2016 05:26 PM | Facts of Loss Indicator changed from null, null; to Complete, PH/DR RPTS*** V1 TRVLING ON RT 287 WHEN RUG FELL FROM TRUCK IN FRT AND V1 SWERVED AND STRUCK GUARDRAIL, PH STT THAT SHE BLACKED OUT UNKNOWN GUARDRAIL DAMAGE V1 POI FRT BUMP, DR SIDE, NOT SAFE DRIVE | Accident Description | Judith A Koerner | | Nathaly Pujols-Vasquez |
| 05/04/2016 05:26 PM | Number of Passengers Updated from null; to 0 | Notes/History | Judith A Koerner | | Nathaly Pujols-Vasquez |
| 05/04/2016 05:42 PM | ** Loss Report (Inbound Call) ** JUDITH KOERNER Driver, NI/Active – Coverage – Advised 3rd Party/Liab Coverage Advised No First Party Coverage – Liability – Advised Investigation Pending: POLICE REPORT – Damages – Customer not filing a claim: NO COLL – Notes – PH ADV TOW COMPANY HAS HER CAR AND DOES NOT WANT TO RELEASE VEHICLE UNTIL $250.00 IS PAID; HOUSE KEYS OR MEDICATION IN CAR; ADV CLAIM# ADV PH HAS ERS COVERAGE FOR TOW V1 LOCATED AT: MALANGIS TOWING 39 HAMBURG TURNPIKE RIVERDALE NJ 973-839-6710 V1I- RIGHT ARM, HOSPITAL TREATMENT VALLEY | Communication Coverage | Entire Claim | | Nathaly Pujols-Vasquez |

GEICO 0002

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| | HOSPITAL NJ.VNM VNP VERIFIED NO ALCOHOL/DRUGS/MEDS ADV P/R UPLOAD TO GEICO.COM ADV GEICO MOBILE APP ADV TO UPLOAD PHOTOS TO GEICO.COM XTR TO ERS ERS STT THAT THEY DO NOT COVER AX TOW RELATED CLAIM, ADV THAT PH DOES NOT HAVE COLL COVERAGE AND DOES HAVE ERS AND NEEDS VEHICLE TOWED ERS XTR TO ACC TOW ACC TOW ADV THAT FEES WOULD HAVE TO BE OOPE AND THAT ONE TOW WOULD BE COVERED UNDER ERS PH PASSED OUT WHEN AX OCCURRED AND DOES NOT REMEMBEREXACTLY HOW IT OCCURRED. SHE ADV WOULD SUBMIT P/ R WHEN AVAILABLE FOR FAO | | | | Kariah Barnes |
| 05/04/2016 06:00 PM | *** Accident Tow Documentation *** Caller: Adjuster NATHALY AX39 Customer: Judith A Koerner Reason For Call: NEEDING TO SEE WHAT WOULD BE THE BEST OPTION TO GET THE VEH OUT POF TEH TY Action Taken: ADVISED OF OPTION ***************** | Accident Tow | Entire Claim Judith A Koerner | | |
| 05/04/2016 06:22 PM | Subject Line: Your GEICO claim Email Send Date: 05/04/2016 18:22:56 PM Link to Email: ( http://10.145.17.34:117610 e=12 )IP Number: 01 | Email | Judith A Koerner | | ATLAS SYSTEM |
| 05/04/2016 10:28 PM | Online user reported damage for HONDA CIVIC LX | Internet | | | Internet User |
| 05/04/2016 10:28 PM | Vehicle Damage Indicator has been changed from Unknown to Yes | Property Damage | Judith A Koerner | | Internet User |

User - Daniella Pelletier

GEICO 0003

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| 05/16/2016 12:51 PM | Reserve line owner: Theresa Wasnak | Payments/Reserving | | | Amie Bart |
| | 'UM BI' Exposure Transferred from Theresa Wasnak to Mark Dunn. IP: Judith A Koerner; IP Role: Driver, Insured, Injured Party, Reporter, Owner, Listed Party User. Amie Bart(U98AE5) Exposure/ Reserve line owner: Mark Dunn | | | | |
| 05/16/2016 12:51 PM | J//pip.sppl//:ack request for UM ltr from atty only.requests same.n. no proof.assigned to you for handling. Emailed From: Amie Bart Emailed To: MaDunn@geico.com; 05/16/2016 12:54 PM Emailed From: Amie Bart Emailed To: KGeorger@geico.com; 05/16/2016 12:54 PM | Supervisor | Judith A Koerner | | Amie Bart |
| 05/16/2016 04:01 PM | file to tcr2 no info for v2 due to a rug fall off it and v2 left acc scene without leaving info umbi lor recd | Communication | Entire Claim | | Kate Georger |
| 05/16/2016 04:01 PM | 'UM BI' Exposure Transferred from Mark Dunn to Paul Brunskole. IP: Judith A Koerner; IP Role: Driver, Insured, Owner, Injured Party, Reporter, Listed Party User. Kate Georger(U98ABH) Exposure/Reserve line owner: Paul Brunskole | Payments/Reserving | | | Kate Georger |
| 05/17/2016 10:14 AM | Police Report requested from New Jersey State Police by Paul Brunskole. | Notes/History | | | Paul Brunskole |
| 05/17/2016 10:15 AM | Creating Stat Reserve; IP: Judith A Koerner, IP Role(s): Driver, Owner, Insured, Injured Party, Reporter, Listed Party Exposure: UM BI Exposure Owner: Paul Brunskole Loss Reserve Line: Judith A Koerner | Payments/Reserving | | | ATLAS SYSTEM |

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| 05/17/2016 10:15 AM | UM BI; Loss/Uninsured Motorist - BI Reserve Amount $▓▓▓▓User: Paul Brunskole Adjuster Code: HB10 | Payments/Reserving | | | ATLAS SYSTEM |
| 05/17/2016 10:15 AM | Creating Stat Reserve: IP: Judith A Koerner, IP Role(s): Driver, Owner, Insured, Injured Party, Reporter, Listed Party Exposure: UM BI Exposure Owner: Paul Brunskole Expense Reserve Line: Judith A Koerner UM BI; Expense/ Uninsured Motorist - BI Reserve Amount $▓▓▓▓User: Paul Brunskole Adjuster Code: HB10 | | | | |
| 05/17/2016 10:15 AM | Subrogation Status indicator for Uninsured Motorist - BI-Loss for Judith A Koerner has been set to No Recovery Potential. | Notes/History PRU | | | ATLAS SYSTEM |
| 05/17/2016 10:15 AM | Subrogation Status indicator for Uninsured Motorist - BI-Expense for Judith A Koerner has been set to No Recovery Potential. | Notes/History PRU | | | ATLAS SYSTEM |
| 05/17/2016 10:15 AM | Stacking automation unavailable due to state guidelines. Possible eligibility for manual stacking for UM BI and Judith A Koerner. | Coverage Notes/History Stacking | | | Paul Brunskole |
| 05/17/2016 10:16 AM | Acknowledgement_of_Atta Correspondence for Charles Kannebecker with a mailing date of 05/18/2016 was submitted for batch printing by Paul Brunskole | Correspondence | | | ATLAS SYSTEM |
| 05/17/2016 10:19 AM | UM_UIM_Acknowledgement Correspondence for Charles Kannebecker with a mailing date of 05/18/2016 was submitted for batch printing by Paul Brunskole | Correspondence | | | ATLAS SYSTEM |

User: Danielle Pelletier

06/15/2016 03:37 PM

GEICO 0013

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| 05/17/2016 10:21 AM | ISO Findings for Judith A Koerner. Reason: THIS LOSS ONLY - NO PRIORS | Injuries | Judith A Koerner | | Paul Brunskole |
| 05/17/2016 10:23 AM | ***obs to Atty @ 570-296-6471 spoke w/ recept atty not avail lm for c/b - 1st clc - intake - sched ri - pir - basis/ theory of UM | Communication Liability | Charles Kannebecker-Judith A Koerner | | Paul Brunsko e |
| 05/17/2016 10:24 AM | Acknowledgement_of_Attot Correspondence 05/17/2016 added, Document ID 2397945341, Batch Number ATLAS, and 1 Pages. | | | | ATLAS SYSTEM |
| 05/17/2016 10:24 AM | UM_UIM_Acknowledgement Correspondence 05/17/2016 added, Document ID 2397945290, Batch Number ATLAS, and 1 Pages. | | | | ATLAS SYSTEM |
| 05/17/2016 10:24 AM | /// liab rrwd google maps I-287 is 3-lane hwy in each direction with shoulders on right hand side | Liability | Entire Claim | | Paul Brunskole |
| 05/17/2016 10:29 AM | **TCRII Opening** Risk/ Loss-NJINJ Coverage-BERGEN NO CCIVC NI IS DRIVER Medpay/PIP Subn=No Limits-15/30 Loss Description- PH AVOIDED RUG IN ROADWAY AND STRUCK G/RAIL Liability Resolved-Resolved - PH 100% Recorded Interviews- PEND Tort Option-Limited Policyholder Vehicle Damages-FRONT - NO FPC Claimant Vehicle Damages-G/RAIL MIP- Unknown VM/VNP/ VNM RH=PEND VNI/VNP/ VNM Claimant-N/A CIQ Liability Started-N/A CIQ Injury Started-Yes ISO Completed-Yes Proper Exposures Open-Yes -Open Email/Online request form sent-N/A Atty repod Additional Comments-To Do - ATTY 1ST/INJ/TX/RI - POLICE | Liability | Entire Claim | | Paul Brunskole |

GEICO 0014

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| 05/17/2016 11:41 AM | REPORT - LIAB DENIAL? - UM VALID?<br><br>IBC from Atty Charles he does not have pl/ yet asked for RI he would not allow his client to provide he feels we are out to deny his client's claim without all the facts adv atty that is why I am requesting a RI and the plf so I have all the facts adv have not made determination on liab yet he adv will hand this to a judge to handle Asked if client has info to pierce LN he adv NJ deemer will not apply since he will not Asked again for RI He stated will take to court Atty not willing to discuss case of client | Communication Liability | Charles Kannebecker Judith A Koerner | | Paul Brunskole |
| 05/18/2016 08:38 AM | PIP/MED Mail 05/17/2016 added, Document ID 2398470912, Batch Number 20160517.010308, and 1 Pages. | Correspondence | | | ATLAS SYSTEM |
| 05/18/2016 09:08 AM | Attorney/Law Firm Law Offices Of Charles Kannebecker was updated for IP Judith A Koerner | Interested Parties | Judith A Koerner | | Theresa Wasnak |
| 05/19/2016 07:55 AM | /// liab rcvd corr from Atty Requesting preservation of initial conversation Will constitute spoilation of evidence requested copy of same recording or will issue subpoena to compel same Wants evidence of intital loss report | Liability | Charles Kannebecker Judith A Koerner | | Paul Brunskole |
| 05/20/2016 08:56 AM | PIP/MED Mail 05/19/2016 added, Document ID 2398575208, Batch Number 20160519.008856, and 1 Pages. | Correspondence | | | ATLAS SYSTEM |
| 05/20/2016 07:28 PM | FPM Bill 05/20/2016 added, Document ID 2398768956, Batch Number | Correspondence | | | ATLAS SYSTEM |

GEICO 0015

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| 05/23/2016 06:25 PM | CM2_00783_05232016, and 9 Pages. | Correspondence | | | ATLAS SYSTEM |
| | FPM Bill 05/23/2016 added, Document ID 2400590667, Batch Number CM2_00783_05232016, and 6 Pages. | | | | |
| 05/24/2016 08:02 AM | PIP/MED Mail 05/23/2016 added, Document ID 2400750186, Batch Number 20160523_009035, and 1 Pages. | Correspondence | | | ATLAS SYSTEM |
| 05/24/2016 01:35 PM | "UM BI" Exposure Transferred from Paul Brunskole to Matthew Nolan. IP: Judith A Koerner, IP Role: Driver, Insured, Reporter, Injured Party, Owner, Listed Party Reserve Line(s): Uninsured Motorist - BI,Uninsured Motorist - BI User, David Nitsche(U98H37) Exposure/Reserve line owner: Matthew Nolan | Payments/Reserving | | | David Nitsche |
| 05/24/2016 01:35 PM | // liab supvr Matt - file moved to your code for on-going handling as bulk xfer, tip waiver for 30 days from last IP ctc (atty). Emailed From: David Nitsche Emailed To: MNolan@geico.com; 05/24/2016 01:37 PM | Supervisor | Entire Claim | | David Nitsche |
| 05/24/2016 02:17 PM | ack below obc to ph atty lmwp, need 1st ctc noted to discuss liab/ica need to see if atty will allow statement | Communication | Charles Kannebecker | | Matthew Nolan |
| 05/25/2016 02:13 PM | /// PIP///: >Ack vm from provider's office looking for a cb#: 973-796-5216. >Made obc to Dee at provider's office and adv that claim is open, funds avail and mailing address for claims. | PIP Med | Entire Claim Judith A Koerner | | Theresa Wasnak |
| 05/25/2016 02:43 PM | PIP/MED Mail 05/25/2016 added, Document ID | Correspondence | | | ATLAS SYSTEM |

User: Danielle Pelletier

GEICO 0017

| Authoring Date | Body | Topic | Related To | Legal Action | Author |
|---|---|---|---|---|---|
| 05/25/2016 08:59 PM | 2401645155, Batch Number 20160525.003409, and 1 Pages.

///cst supe/// called ph per survey received, operator came up and adv that the v/m is full, unable to lmovm. | Communication | Entire Claim | | Edwin Espina |
| 05/26/2016 05:04 PM | FPM Bill 05/26/2016 added, Document ID 2402309316, Batch Number CM2_00593_05262016, and 4 Pages. | Correspondence | | | ATLAS SYSTEM |
| 05/26/2016 07:41 PM | FPM Bill 05/26/2016 added, Document ID 2402381372, Batch Number CM2_00747_05282016, and 11 Pages. | Correspondence | | | ATLAS SYSTEM |
| 06/03/2016 10:19 AM | ack below obc to ph atty lmwp, need 1st clc need to discuss liab/foa need to see if atty will allow statement | Communication | Charles Karnebecker | | Matthew Nolan |
| 06/03/2016 12:51 PM | //// PIP/// >Re-assigned pip/med mail to liability adj as they are for liability to handle -- Emailed From: Theresa Wasnak Emailed To: MNolan@geico.com; 06/03/2016 12:51 PM | PIP Med | Entire Claim | | Theresa Wasnak |
| 06/03/2016 01:21 PM | ack vm from atty obc to clmt atty lmwp | Communication | Charles Karnebecker | | Matthew Nolan |
| 06/03/2016 03:07 PM | ack vm from atty obc to ph atty advised i was new h/e atty wanted recording from he and prior h/e advised cannot provide at this time as that is our work product atty advised he may look to do something about that, asked about taking a statement from ph, atty wouldn't be opposed to that advised at this point we may look to eval um claim at 50% atty asked why, spoke to ph running over carpet/losing control advised doesn't appear | Communication | Law Offices Of Charles Karnebecker | | Matthew Nolan |

GEICO 0018



**GEICO Casualty Company**

Buffalo/New Jersey Claims, PO BOX 9515
Fredericksburg, VA 22403-9515

05/10/2016

Date Loss Reported to GEICO: 5/4/2016

Ms. Judith Koerner
131 Rivers Edge Dr APT 108
Matamoras, PA 18336-2058

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 007546243-0101-107 |
| Loss Date: | Wednesday, May 4, 2016 |
| Policyholder: | Judith Koerner |
| Policy Number: | 0734124407 |
| Injured Party: | Judith Koerner |

Dear Ms. Koerner,

I need your help to begin processing your claim. I need you to complete the "Application for PIP Benefits" form and the HIPAA Compliance Authorization form, which have been sent to you under separate cover. These forms are essential to begin processing your claim and allow us to contact your health care provider to obtain pertinent medical information regarding your claim. These forms must be returned as soon as practicable.
We also need information regarding the facts of the accident, nature and cause of the injury, the diagnosis, and the anticipated course of treatment as promptly as possible after the accident, and periodically thereafter.

The following is a summary of the benefits which may be available to you. If you have any questions regarding your benefits, please contact me and I will be glad to review them with you. Personal Injury Protection provides the following types of benefits subject to your available limits.

Your Pennsylvania policy provides you with a medical expense benefit for medical & rehabilitation expense with a limit of $5,000.

As the accident is reported to have occurred in New Jersey and while an occupant of your covered auto, should you exhaust your Pennsylvania coverage, you may be eligible for New Jersey Personal Injury Protection coverage which includes the following:

Medical expense benefits provided for reasonable and necessary expenses incurred for treatment or services rendered by a provider, including medical, surgical and dental treatment, rehabilitative and diagnostic services, hospital expenses, ambulance services,

EP0155 (11/2009)

GEICO 0037

medication, and durable medical equipment up to the policy limit up to $250,000.00 (an offset of your Pennsylvania coverage of $5,000.00 will be deducted).

Income continuation benefits are available for lost wages as a result of bodily injury disability. You may be eligible for a maximum of $100.00 per week for a total limit of $5,200.00 per person per accident, but not to exceed the net income normally earned during the period in which benefits are payable. If you are losing time from work, please contact me immediately. All claims for lost wages must be verified by your treating physician and your employer.

Essential services benefits are reimbursement for payments made to others for substitute essential services you normally perform not for income, but for the care and maintenance of yourself and your relatives. You may be eligible for reimbursement up to $12.00 per day for a total limit of $4,380.00 per person per accident. Death benefits may be available in the event of the death of an eligible injury party.

If you have any questions regarding the forms or if you need assistance regarding the medical aspect of your file, please do not hesitate to contact me at the number below, Monday through Friday between the hours of 8:00 AM to 4:30 PM. I look forward to helping you in any way possible.

Sincerely,


Theresa Wasnak
1-800-301-1390 x4564
Claims Department

**05 12 16**

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◊+
JAN S. LOKUTA+
JASON R. OHLIGER*◊+
WALTER MACHNICKI*+
DEREK B. SMITH+

* ADMITTED IN NY
◊ ADMITTED IN NJ
+ ADMITTED IN PA

104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337

(570) 296-6471
FAX (570) 296-2653
www.wskllawfirm.com

New York Office
86 Fowler Street
P.O. Box 3167
Port Jervis, NY 12771
(845) 856-4406

May 12, 2016

**VIA FACSIMILE (516) 213-1484**

GEICO Insurance Company
P.O. Box 9515
Fredericksburg, VA 22403

ATTN: THERESA WASNAK

**RE:  JUDITH KOERNER**
   **DATE OF LOSS: 05/04/2016**
   **CLAIM NO.:   007 546 243 0101107**

Dear Ms. Wasnak:

Please be advised that this office has been retained by Judith Koerner relative to the injuries which she sustained in an automobile accident which occurred on May 4, 2016 in Oakland, New Jersey.

The accident was caused by an automobile which did not stay at the scene. The vehicle which left the scene had content fall out of the vehicle causing the accident. Accordingly, this matter constitutes an Uninsured Motorist claim.

Please accept this letter as a notification of claim for UM benefits under Ms. Koerner's coverage with GEICO Insurance Company.

The accident is reported to have been reported to and investigated by the New Jersey State Police under case number B060201601313A.

Further, you should undertake any investigation which you elect as a result.

GEICO 0039

**05 12 16**

GEICO Insurance Company
P.O. Box 9515
Fredericksburg, VA 22403
Page 2

      Please call or write if you have additional questions.

                    Sincerely yours,

                    THE LAW OFFICE OF CHARLES KANNEBECKER

                    Charles Kannebecker, Esquire

CK/kmp



**GEICO Casualty Company**

Buffalo/New Jersey Claims, PO BOX 9515
Fredericksburg, VA 22403-9515

05/16/2016

Date Loss Reported to GEICO: 5/4/2016

Law Office Of Charles Kannebecker
To Whom It May Concern
104 W High St
Milford, PA 18337-1618

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 007546243-0101-107 |
| Loss Date: | Wednesday, May 4, 2016 |
| Policyholder: | Judith Koerner |
| Policy Number: | 0734124407 |
| Your Client: | Judith Koerner |

To Whom It May Concern,

We received your letter of representation. Please have your client complete the enclosed PIP and HIPAA Compliant Authorization forms and promptly return them to us. Also, please send us any bills and/or documentation to support this claim.

I have not yet obtained a recorded statement from your client and would ask that you contact me to schedule a time at which this can be accomplished.
If you have questions, please contact me at the number below. Please refer to our claim number when writing or calling about this claim.

Sincerely,

Theresa Wasnak
1-800-301-1390 x4564
Claims Department

Encl:   C255PA, C256PA, C257PA, C258PA, Return Envelope

' 05 17 16

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◇+          104 W. HIGH STREET          New York Office
JAN S. LOKUTA+            MILFORD, PENNSYLVANIA 18337          86 Fowler Street
JASON R. OHLIGER*◇+                 ————                  P.O. Box 3167
WALTER MACHNICKI*+              (570) 296-6471           Port Jervis, NY 12771
DEREK B. SMITH+              FAX (570) 296-2653             (845) 856-4406
                            www.wskllawfirm.com

* ADMITTED IN NY
◇ ADMITTED IN NJ
+ ADMITTED IN PA


                        May 17, 2016


VIA FACSIMILE (516) 213-1484
GEICO Insurance Company
P.O. Box 9515
Fredericksburg, VA 22403

ATTN: PAUL BRUNSKOLE

**RE:   JUDITH KOERNER**
       **DATE OF LOSS: 05/04/2016**
       **CLAIM NO.:  007 546 243 0101107**

Dear Mr. Brunskole

     As a matter of evidence, I interpose this demand that you
preserve the recording of our call this day. The call will be a
matter of evidence and you are thus prohibited from destroying
the recording of our call. Please be advised that failure to
preserve this information will constitute spoliation of evidence.

     Also, please forward a copy of the recording or I will issue
a subpoena to compel production of the same.

     Additionally, you relayed that Mrs. Koerner told Geico that
she lost consciousness and that loss caused the accident. Upon
your receipt, please forward the material, documentation or
evidence that Mrs. Koerner told Geico that she lost
consciousness.


                        Sincerely,

                        THE LAW OFFICE OF CHARLES KANNEBECKER


                        Charles Kannebecker, Esquire


GEICO 0042


**GEICO Casualty Company**

Buffalo/New Jersey Claims, PO BOX 9515
Fredericksburg, VA 22403-9515

05/18/2016

Date Loss Reported to GEICO: 5/4/2016

Charles Kannebecker
104 W High St
Milford, PA 18337-1618

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 007546243-0101-107 |
| Loss Date: | Wednesday, May 4, 2016 |
| Policyholder: | Judith Koerner |
| Policy Number: | 0734124407 |
| Your Client: | Judith Koerner |

Dear Charles Kannebecker,

This is to acknowledge receipt of your notice of intention to make an
Uninsured/Underinsured Motorist claim on behalf of your above captioned client.

Please be advised that we are still investigating your client's claim. To that end, kindly
forward a copy of the police accident report, an uninsured motorist application, along with
any other documentation in your possession.

In addition, kindly forward the following:

- a copy of all medical and hospital records, and authorizations permitting the release
of same;

- authorization permitting the release of all diagnostic tests; authorization permitting
the release of your client's medical records from all treating physicians; if your
client(s) does not carry medical payments coverage and/or other health insurance
coverage applicable to this loss, please provide an affidavit of no insurance.

- authorization permitting the release of your client's employment/school records.

- authorization permitting the release of your client's MRI, CT scan, or X-ray films.

EC0144 (11/2007)

GEICO 0043

Once we are in receipt of the foregoing, and we have confirmed your client's Uninsured/Underinsured Motorist claim, we may require that your client(s) submit to physical examinations and/or Examination(s) Under Oath, as required under policy # 0734124407 issued to Judith Koerner.

Thank you for your prompt attention to this matter.

Sincerely,

Paul Brunskole
1-800-716-1097 x4692
Claims Department

Encl:   C105PA, C168PA, C256PA, C257PA, Return Envelope

**GEICO.**
geico.com

**GEICO Casualty Company**

Buffalo/New Jersey Claims, PO BOX 9515
Fredericksburg, VA 22403-9515

05/18/2016

Date Loss Reported to GEICO: 5/4/2016

Charles Kannebecker
104 W High St
Milford, PA 18337-1618.

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 007546243-0101-107 |
| Loss Date: | Wednesday, May 4, 2016 |
| Policyholder: | Judith Koerner |
| Policy Number: | 0734124407 |
| Client(s): | Judith Koerner |

Dear Charles Kannebecker,

We have received your letter of representation dated May 12, 2016. I am handling this case.
Please forward copies of all medical documentation and lost wage verification currently available.
Please have your client sign and return the enclosed authorizations to obtain medical and wage
information, so that I may assist you in obtaining the documentation necessary to support your
client's claim.

I have not yet obtained a recorded statement from your client and would ask that you contact me to
schedule a time at which this can be accomplished.

If you have any questions, please contact me at the number below. Please refer to our claim
number when writing or calling about this claim.

Sincerely,

Paul Brunskole
1-800-716-1097 x4692
Claims Department

Encl:   SHC176PA, SHC256PA, Return Envelope

EC0040 (11/2004)

GOVERNMENT EMPLOYEES INSURANCE COMPANY
AUTHORIZATION TO OBTAIN LEAVE AND SALARY INFORMATION

I, _____ hereby authorize GEICO Casualty Company, through its employees and authorized representatives, to acquire all leave and salary information available to and in the possessor of any employer, concerning or in any way relating to time or salary loss relating to any injury or injuries received by _____ in the accident that occurred on May 4, 2016, at or near _____. This information is being requested for the purpose of evaluating a claim may be this indvidual and in preparation for any proceedings connected with that claim. This authorization or a photostatic copy may be presented to any current or prior employer. This authorization shall be valid for the duration of the claim.

I further understand that I am entitled to a copy of this authorization form and acknowledge receipt by signing below.

**Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.**

_____        _____
Date                                    Authorizing Party


                                        _____
                                        Relationship, if not the injured party


C-176 (03/05)

GEICO 0046

Claim No. <u>007546243-0101-107</u>                    DATE <u>20160517</u>

# HIPAA COMPLIANT AUTHORIZATION

List below the names and addresses of all persons (Doctors, Dentists, Hospitals, Nurses, Funeral Directors, etc.) who rendered, or who are rendering services in connection with injuries sustained in this accident.

<u>NAME AND ADDRESS</u>

_____

_____

_____

_____

_____

To Whom It May Concern:

For purposes of evaluating a claim made by me, or on my behalf, and/or for preparing for, conducting, and/or participating in any mediation, arbitration, hearing, trial, or other proceeding associated with my claim, you are hereby authorized to furnish to GEICO Casualty Company, or any of its representatives (individually and collectively referred to as "GEICO") any and all medical information which may be requested concerning my physical and/or mental condition and treatment (excluding "psychotherapy notes" as defined in 45 CFR 164.501) to include, diagnosis, prognosis, and any and all records, files, or other documentation concerning the treatment, prescription, consultation or other advisory visits or events (collectively referred to as the "Records") that pertain to:

∀ _____,
  *[PATIENT: PRINT YOUR NAME ABOVE]*

∀ DOB: _____,
  *[PATIENT: WRITE YOUR BIRTH DATE ABOVE]*

∀ SSN: _____.
  *[PATIENT: WRITE YOUR SOCIAL SECURITY NUMBER ABOVE]*

∀ The Records shall specifically include, but shall not be limited to, such condition and treatment as may pertain to the automobile accident/loss/claim of *[PATIENT – INDICATE THE DATE OF THE AUTOMOBILE ACCIDENT/LOSS/CLAIM IN THE FOLLOWING SPACE]* _____, 20_____.

The information covered by this HIPAA Compliant Authorization includes, but is not limited to, reports, records, test results, X-rays, and any other diagnostic testing, whether in your possession or available to you. I understand that the information in the Records may include information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), Human Immunodeficiency Virus (HIV) and other communicable diseases, behavioral health care/psychiatric care (excluding "psychotherapy notes" as defined in 45 CFR 164.501), and treatment for alcohol and/or drug abuse, and/or substance abuse. Copies of this Authorization shall be considered as valid as the original. This Authorization shall be valid for the duration of the claim. This is not a release of claims for damages. I further understand that I am entitled to a copy of this Authorization and acknowledge receipt by signing below. I acknowledge that the information disclosed pursuant to this Authorization may be re-disclosed by GEICO pursuant to applicable law and may no longer be protected by the Health Insurance Portability and Accountability Act (HIPAA). I also authorize GEICO to further re-disclose the records received pursuant to this authorization, including, but not limited to, information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), Human Immunodeficiency Virus (HIV) and other communicable diseases, behavioral health care/psychiatric care (excluding "psychotherapy notes" as defined in 45 CFR 164.501), and treatment for alcohol and/or drug abuse, and/or substance abuse, as may be necessary for the purpose of evaluating a claim made by me, or on

C256PA (10-13) NS

Claim No. <u>007546243-0101-107</u>                              DATE <u>20160517</u>

my behalf and/or for preparing for, conducting, and/or participating in any mediation, arbitration, hearing, trial, or other proceeding associated with my claim. This HIPAA Compliant Authorization shall also allow GEICO's representatives, agents, consultants, or health care professionals, or any physicians appointed by it to examine the records produced concerning said condition or treatment.

<u>**Revocation Section**</u>:  I acknowledge that I have the right to revoke this Authorization at any time.  A revocation of this Authorization must be in writing and sent via regular U.S. mail, postage prepaid, to the Company Representative who requested this authorization and to the medical provider.  The revocation of this Authorization will be effective upon receipt and will be prospective only.

I acknowledge that I am aware that the consequences of my not signing this Authorization can include a delay in the processing/resolution of the claim, a potential denial of the claim, or other consequences recognized by applicable state law and/or the insurance policy at issue.


_____            _____
**[SIGNATURE OF PATIENT]**                   **[PRINT NAME OF PATIENT]**


_____
**[DATE]**

*Personal Representative's Section:  A personal representative executing this form on behalf of the patient warrants that he or she has authority to sign this form on the basis of:*

_____


_____            _____
**(SIGNATURE: PERSONAL REPRESENTATIVE)**        **(PRINT NAME OF PERSONAL REPRESENTATIVE)**


_____
**(DATE)**


| **Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.** |
| --- |

C256PA (10-13) NS

GEICO 0048

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◊+
JAN S. LOKUTA◊
JASON R. OHLIGER*+†
WALTER MACHOCK+
DEREK B. SMITH+

* ADMITTED IN NY
◊ ADMITTED IN NJ
+ ADMITTED IN PA

104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337
————
(570) 296-6471
FAX (570) 296-2653
www.wsklawfirm.com

New York Office
86 Fowler Street
P.O. Box 3167
Port Jervis, NY 12771
(845) 856-4406

May 20, 2016

**VIA FACSIMILE (516) 213-1484**

GEICO Insurance Company
P.O. Box 9515
Fredericksburg, VA 22403

ATTN: PAUL BRUNSKOLE

**RE:   JUDITH KOERNER**
**DATE OF LOSS: 05/04/2016**
**CLAIM NO.:  007 546 243 0101107**

Dear Mr. Brunskole:

I write in follow up to my previous fax of May 17, 2016.

I reiterate the demand that you preserve the recording of our call of May 17, 2016. That call will be a matter of evidence and you are thus prohibited from destroying the recording of our call. Please be advised that failure to preserve this information will constitute spoliation of evidence.

Additionally, I repeat my request for a copy of the recording.

Finally, you relayed that Mrs. Koerner told Geico that she lost consciousness and that loss caused the accident. Upon your receipt, please forward the material, documentation or evidence that Mrs. Koerner told Geico that she lost consciousness.

Sincerely,

THE LAW OFFICE OF CHARLES KANNEBECKER

Charles Kannebecker, Esquire

GEICO 0049

05 23 16

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◦†
JAN S. LOKUTA*◦
JASON R. OHLIGER*◦+
WALTER MACHNICKI*+
DEREK B. SMITH+

* ADMITTED IN NY
◦ ADMITTED IN NJ
+ ADMITTED IN PA

104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337
———
(570) 296-6471
FAX (570) 296-2653
www.wskllawfirm.com

New York Office
86 Fowler Street
P.O. Box 3167
Port Jervis, NY 12771
(845) 856-4406

May 23, 2016

**VIA FACSIMILE (516) 213-1484**

GEICO Insurance Company
P.O. Box 9515
Fredericksburg, VA 22403

ATTN: PAUL BRUNSKOLE

**RE:   JUDITH KOERNER**
       **DATE OF LOSS: 05/04/2016**
       **CLAIM NO.:   007 546 243 0101107**

Dear Mr. Brunskole:

I write in follow up to my previous faxes of May 17, 2016 and May 20, 2016.

My office received your call today in which you relayed that you are "currently looking into that specific call to see if it were recorded".

I will be surprised if it is not and will actively move appropriately if that call is erased.

Also, my letters also addressed the issue about information beyond just the recording. You relayed that Mrs. Koerner told Geico that she lost consciousness and that loss caused the accident. I have now asked for material, documentation or evidence twice already. Thus, while you called regarding the recording, you still avoided this issue again.

Upon your receipt, please forward the material, documentation or evidence that Mrs. Koerner told Geico that she lost consciousness.

THE LAW OFFICE OF CHARLES KANNEBECKER

Charles Kannebecker, Esquire

GEICO 0050

05 25 16

# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER°•≈
JACS LOBUDAo
JASON R. OBERBERGo≈
WALTER MACHROECHO‡
DEBRA B. SMITH

• ADMITTED IN NY
o ADMITTED IN NJ
≈ ADMITTED IN PA

104 W. HIGH Street
MILFORD, PENNSYLVANIA 18337
—————
(570) 296-6471
FAX (570) 296-2653
www.mjbllawfirm.com

New York Office
86 Fowler Street
P.O. Box 3167
Port Jervis, NY  12771
(845) 856-4406

May 25, 2016

**VIA FACSIMILE (516) 213-1484**

GEICO Insurance Company
P.O. Box 9515
Fredericksburg, VA 22403

ATTN: PAUL BRUNSKOLE

RE:  JUDITH KOERNER
     DATE OF LOSS: 05/04/2016
     CLAIM NO.:  007 546 243 0101107

Dear Mr. Brunskole:

I write in follow up to my previous faxes of May 17, 2016,
May 20, 2016 and May 22, 2016.

I write 1 additional time in follow up to my previous
requests for the recording and for the information regarding
accident causation.

I reiterate my request for a copy of the recording. I also
reiterate my request concerning your statement that Mrs. Koerner
told Geico that she lost consciousness and that loss caused the
accident.  I have now asked for this material, documentation or
evidence thrice already.

Upon your receipt, please forward the material,
documentation or evidence that Mrs. Koerner told Geico that she
lost consciousness.

                    THE LAW OFFICE OF CHARLES KANNEBECKER


                    Charles Kannebecker, Esquire

GEICO 0052

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

JUDITH KOERNER,                    :
            Plaintiff,             :
                                   :   No. 810 - 2016
      vs.                          :
                                   :   CIVIL DIVISION
GEICO CASUALTY COMPANY,            :
            Defendant.             :

PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY:

      Please issue a Writ of Summons in the above-captioned civil

action.

                              _____
                              Charles Kannebecker, Esquire
                              Attorney for Plaintiff

GEICO 0054

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

JUDITH KOERNER,                    :
                                   :
            Plaintiff,             :
                                   :   No. 810 - 2016
       vs.                         :
                                   :   CIVIL DIVISION
GEICO CASUALTY COMPANY,            :
                                   :
            Defendant.             :

WRIT OF SUMMONS

To: GEICO CASUALTY COMPANY

    You are notified that Judith Koerner has commenced an action
against you.


Dated: 6/2/16


                            _____
                                     Prothonotary

GEICO 0055

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

JUDITH KOERNER,                          :

       Plaintiff,                   :
                                         :     No. 810 - 2016
   vs.                               :
                                         :     CIVIL DIVISION
GEICO CASUALTY COMPANY,                  :
                                         :
      Defendant.                   :

NOTICE OF DEPOSITION
IN AID OF PREPARING THE COMPLAINT

TO:  GEICO Insurance Company
     P.O. Box 9515
     Fredericksburg, VA 22403

    TAKE NOTICE that the plaintiff, by her undersigned counsel,
will take the deposition upon oral examination of all persons
with information regarding the above captioned matter, pursuant
to Rule 4007.1 of the Pennsylvania Rules of Civil Procedure. Said
deposition will take place before a notary public or other person
qualified to administer oaths **on the 23rd day of June, 2016, at**
**104 West High Street, Milford, PA (Law Offices of Charles**
**Kannebecker), commencing at 10:00 a.m.** on the date set forth
above and shall continue from day to day until completed. You are
invited to appear and take such part as shall be fitting and
proper.

    The nature of the cause of action and the matters to be
inquired into are the actions and identity of individuals within
Defendant GEICO Casualty Company as it relates to the handling of
insurance claims made by the above named Plaintiff, Plaintiff's
entitlement to benefits, and all statements and evidence relied
upon by Defendant in asserting that Plaintiff lost consciousness
and caused the motor vehicle accident of May 4, 2016, on Route
287 North, Oakland, NJ near mile marker 58.5.

GEICO 0056

**YOUR ARE ORDERED** by the Court to bring with you the following documents and/or material:

The documents and/or material
described in Exhibit "A"

Date: _6/2/16_                    _____
                                  Derek B. Smith, Esq.

GEICO 0057

Exhibit "A"

1. Legible copies of all written documents and materials, however recorded and kept, and by whatever name called, relative to Defendant's handling of claims (and accident investigation) arising out of the motor vehicle accident that is the subject of this action.

2. A legible copy of defendant insurer's entire investigation files relative to the accident that is the subject of this action, including but not limited to all correspondence, letters, notes, memoranda, claims logs, electronic transmissions, and copies of checks drafted.

3. The adjuster's entire file regarding the subject accident (this includes all communications between the adjuster and the insured(s) and the agent).

4. All written and recorded statements, by whatever name called, obtained by Defendant acting by and through its agents, employees, and servants.

5. Copies, transcript or any other record of any statements concerning how the accident that is the subject of this action occurred.

6. Copies of all documents taken from any witness or party regarding any of the facts relative to the accident that is the subject of this action.

7. All photographs, videos, diagrams or depiction relative to the accident that is the subject of this action (for example, relative to liability, injury, damages, etc).

8. All written or oral statements which relate in any way to the subject matter of this action.

9. All photographs, videotapes or motion pictures of the scene of the occurrence alleged in the Complaint or subsequent to the alleged occurrence (or of tangible objects involved in the occurrence alleged in the Complaint).

10. All documents relating to the investigation of the occurrence by or on behalf of the defendant herein, including notes of all insurance company adjusters, investigators or employees; file memoranda; or any other document prepared by any other representative acting on behalf of the defendant.

11. A true and correct copy of any and all recordings of the May 17, 2016, phone call between Paul Brunskole and Charles Kannebecker, Esq.

12. True and correct copies of any and all documents, materials, or other evidence purporting to show that the Plaintiff lost consciousness and caused the motor vehicle accident of May 4, 2016.

13. Any and all statements taken by Defendant of Plaintiff or received from Plaintiff by Defendant relating to the underlying claim and/or motor vehicle accident.



⊠ Government Employees Insurance Company
⊠ GEICO General Insurance Company
⊠ GEICO Indemnity Company
⊠ GEICO Casualty Company

P.O. Box 9505 ⊠ Fredericksburg, VA 22403-9504

7/8/2016
Date Loss Reported to GEICO: 5/4/2016

Charles Kannebecker, Esq.
Law Offices of Charles Kannebecker
104 W. High Street
Milford, PA 18337

Re: Judith Koerner v. GEICO Casualty Company, Pike County No. 810-2016

Dear Mr. Kannebecker:

I am the Claims Supervisor assigned to the Uninsured Motorist ("UM") claim of Judith Koerner concerning her motor vehicle accident of May 4, 2016. I have reviewed the entire claims file in this matter. The UM claim remains open. GEICO Casualty Company has not denied the UM claim. GEICO is still in the process of investigating all issues related to liability and damages in this accident. In this regard, GEICO once again seeks your cooperation in scheduling the recorded statement of Judith Koerner. I would appreciate it if you would contact me to schedule same.

Sincerely,

David Nitsche
Claims Department

GEICO 0171

## **A F F I D A V I T**

STATE OF VIRGINIA

STAFFORD COUNTY

I, Christina Trower, Supervisor of Underwriting of GEICO Casualty Company, a corporation organized and existing under the laws of Maryland, do hereby certify that the attached declarations pages reflect the contents of the declarations pages, and that the attached copy of the amendments and policy contracts are identical to the amendments and policy contracts for policy number 0734-12-44-07 for the date of 12/09/15 to 06/09/16 issued to Judith A. Koermer of 131 Rivers Edge Dr., Apt. 119, Matamoras, PA 18336-2059.

I am authorized by GEICO Casualty Company to make this affidavit on its behalf and the facts stated hereon as true and correct to the best of my knowledge and belief.

Christina Trower,
Supervisor of Underwriting

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ 13th _____

DAY OF _____ July 2016 _____ .

Vicky Allen
Notary Public

My Commission Expires _____ 8/31/16 _____

My Commission Number is _____ 237035 _____

M-11-85

GEICO 0172



**GEICO.**
geico.com

Tel: 1-800-841-3000

GEICO CASUALTY COMPANY
One GEICO Boulevard
Fredericksburg, VA 22412-0003

Date Issued: November 6, 2015

JUDITH A KOERNER
131 RIVERS EDGE DR APT 119
MATAMORAS PA 18336-2059

Email Address: jude816ast@gmail.com

# Declarations Page

This is a description of your coverage
Please retain for your records

## Policy Number: 0734-12-44-07
## Coverage Period:
12-09-15 through 06-09-16
12 01 a.m. local time at the address of the named insured

PENNSYLVANIA LAW REQUIRES THAT WE NOTIFY YOU THAT THIS POLICY COVERS COLLISION DAMAGE TO
A RENTAL VEHICLE WITH THE SAME POLICY PROVISIONS AND CONDITIONS, COVERAGE LIMITS AND
DEDUCTIBLES THAT APPLY TO YOUR OWNED AUTO. IF YOU HAVE MORE THAN ONE CAR INSURED, THE
RENTAL CAR WOULD BE COVERED WITH THE BROADEST (LOWEST DEDUCTIBLES) COVERAGES INCLUDED
UNDER THE COLLISION ON YOUR POLICY. REMEMBER COLLISION COVERAGE EXTENDS ONLY IF YOU HAVE
PURCHASED IT FOR YOUR OWN VEHICLES.

| Named Insured | Additional Drivers |
|---|---|
| Judith A Koerner | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 1999 Honda    Civic LX | 2HGEJ667XXH594076 | Matamoras PA 18336 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability | | |
| Each Person/Each Occurrence | $15,000/$30,000 | $42.88 |
| Property Damage Liability | $5,000 | $133.81 |
| First Party Benefits | Option A | $26.74 |
| Uninsured Motorists/With Stacking | | |
| Each Person/Each Occurrence | $15,000/$30,000 | $3.92 |
| Underinsured Motorist/With Stacking | | |
| Each Person/Each Occurrence | $15,000/$30,000 | $2.60 |
| Comprehensive | $100 Ded | $44.29 |

T-Q
DEC_PAGE (03-14)  (Page 1 of 4)

Coverages Continued on Back
Renewal Policy Page 7 of 24

GEICO 0173



**GEICO Casualty Company**

Buffalo/New Jersey Claims, PO BOX 9515
Fredericksburg, VA 22403-9515

07/22/2016

Date Loss Reported to GEICO: 6/10/2016

Charles Kannebecker
104 W High St
Milford, PA 18337-1618

| | |
|---|---|
| Company Name: | Geico Casualty Company |
| Claim Number: | 007546243-0101-115 |
| Loss Date: | Wednesday, May 4, 2016 |
| Policyholder: | Judith Koerner |
| Policy Number: | 0734124407 |
| Your Client: | Judith Koerner |

Dear Charles Kannebecker,

Please be advised that your client's uninsured motorist claim has been reassigned to me for continued handling.

I would like to review your client's medical records. Please forward me a copy of your client's records or provide me with permission to obtain them from her personal injury protection file.

I would also like to reiterate our request for your client's recorded statement.

I look forward to speaking with you soon.

Sincerely,

Danielle Pelletier
1-800-841-1003 x4277
Claims Department

For your protection Pennsylvania law requires the following statement to appear on this form: "Any person who knowingly and with intent to injure or defraud any insurer files and application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine up to $15,000."

EC0020 (1/2007)



- ■ Government Employees Insurance Company
- ■ GEICO General Insurance Company
- ■ GEICO Indemnity Company
- ■ GEICO Casualty Company

February 1, 2017
P.O. Box 9505 ■ Fredericksburg, VA 22403-9504

Date Loss Reported to GEICO: 5/4/2016

Charles Kannebecker, Esq.
Law Offices of Charles Kannebecker
104 W. High Street
Milford, PA 18337

| | |
|---|---|
| Company Name: | GEICO Casualty Company |
| Claim Number: | 007546243-0101-115 |
| Loss Date: | Wednesday, May 4, 2016 |
| Policyholder: | Judith Koerner |
| Policy Number: | 0734124407 |
| Your Client: | Judith Koerner |

Dear Mr. Kannebecker:

This letter follows the letter of David Nitsche, dated July 8, 2016 and my letter, dated July 22, 2016, in the above-referenced matter. I have reviewed Plaintiff's responses to Defendant's Requests for Production of Documents and Interrogatories, dated December 29, 2016, concerning the Uninsured Motorist ("UM") claim of Judith Koerner for her motor vehicle accident of May 4, 2016. I have also reviewed the entire claims file in this matter. GEICO Casualty Company is now in the position to tender the policy limits for UM coverage on your client's Policy No. 0734-12-44-07 in the amount of $15,000.00. Please find attached a check made out to Judith Koerner and Charles Kannebecker, Esq. in that amount. Should you have any questions, please feel free to contact me.

Sincerely,

Danielle Pelletier
Claims Department
800-841-1003 ext 4277

GEICO 0443

| | |
|---|---|
| Claim Number | 0075462430101115 |
| Pay To The Order Of | Judith Koerner and her attorney<br>Charles Kennebecker, Esq |

**Financials**

| | |
|---|---|
| Gross Amount | $15,000.00 |
| Net Amount | $15,000.00 |
| Backup Withholding | $0.00 |

**Payment Identification**

| | |
|---|---|
| Issued Date | 02/01/2017 |
| Mail To Name | WEINSTEIN SCHNEIDER |
| Mail To Address | 104 W High St, Milford, PA, 18337-1618 |
| Memo | Uninsured Motorist Coverage |
| Payment Type | System Check |
| Check Number | 089441746 |

**Related Documents**

Document Name

**Reserve Line Allocation**

| Exposure | Reserve Line | Cost Type | Amount |
|---|---|---|---|
| Judith A Koerner - UM BI | Uninsured Motorist - BI | Loss | $15,000.00 |
| Judith A Koerner - UM BI | Uninsured Motorist - BI | Loss | -$15,000.00 |

GEICO 0444

02 21 17



# LAW OFFICE OF CHARLES KANNEBECKER
### ATTORNEY AT LAW

CHARLES KANNEBECKER*◊•          104 W. HIGH STREET          JASON R. OHLIGER*◊•
JAN S. LOKUTA*                   MILFORD, PENNSYLVANIA 18337   DEREK SMITH*
                                                              JASON YOUNG*
* ADMITTED IN NY
◊ ADMITTED IN NJ                      (570) 296-6471
• ADMITTED IN PA                    FAX (570) 296-2653
                                    www.kannebeckerlaw.com

February 6, 2017

GEICO Casualty Company
One GEICO Plaza
Washington, DC 20076

*Chk# 089441748*

RE:   JUDITH KOERNER
      CLAIM NO.: 0075462430101115

Dear Sir/Madam:

    This check was received by our office alone in an envelope.

                    Sincerely,

                    THE LAW OFFICE OF CHARLES KANNEBECKER


                    Charles Kannebecker, Esquire

CK/kmp

Dictated, but not read.

W/check enclosure:

GEICO 0445

02 21 17

GEICO 0446

02 21 17

LAW OFFICE OF CHARLES KANNEBECKER
ATTORNEY AT LAW
104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337

LEHIGH VALLEY
PA 180
06 FEB '17
PM 4 L

$0.46 0
US POSTAGE
FIRST-CLASS
062S0007402112
16337

GEICO Casualty Company
One GEICO Plaza
Washington, DC 20076

CLAIM Reg 1

FBO

GEICO 0447

| | |
|---|---|
| Claim Number | 0075462430101115 |
| Pay To The Order Of | Judith Koerner and her attorney<br>Charles Kannebecker, Esq |

**Financials**

| | |
|---|---|
| Gross Amount | $15,000.00 |
| Net Amount | $15,000.00 |
| Backup Withholding | $0.00 |

**Payment Identification**

| | |
|---|---|
| Issued Date | 02/23/2017 |
| Mail To Name | WEINSTEIN SCHNEIDER |
| Mail To Address | 104 W High St, Milford, PA, 18337-1618 |
| Memo | Uninsured Motorist Coverage |
| | |
| Payment Type | System Check |
| Check Number | 089442442 |

**Related Documents**

| Document Name |
|---|
| |

**Reserve Line Allocation**

| Exposure | Reserve Line | Cost Type | Amount |
|---|---|---|---|
| Judith A Koerner - UM DI | Uninsured Motorist - DI | Loss | -$15,000.00 |
| Judith A Koerner - UM BI | Uninsured Motorist - BI | Loss | $15,000.00 |

GEICO 0448

03 08 17



# LAW OFFICE OF CHARLES KANNEBECKER
## ATTORNEY AT LAW

CHARLES KANNEBECKER*◊•          104 W. HIGH STREET          JASON R. OHLIGER*◊•
JAN S. LOKUTA†          MILFORD, PENNSYLVANIA 18337          DERRK SMITH†
                                                            JASON YOUNG*
* ADMITTED IN NY          —————
◊ ADMITTED IN NJ          (570) 296-6471
• ADMITTED IN PA          FAX (570) 296-2653
                         www.kannebeckerlaw.com

February 24, 2017

GEICO
P.O. Box 9505
Fredericksburg, VA 22403-9504

ATTN: DANIELLE PELLETIER

RE:   JUDITH KOERNER
      CLAIM NO.: 007546243-0101-115
      DATE OF LOSS: 05/04/2016

Dear Ms. Pelletier:

     Regarding the above-referenced matter, enclosed please find
your check number 089442442 in the amount of $15,000.00 which I
am returning to you.

                    Sincerely,

                    THE LAW OFFICE OF CHARLES KANNEBECKER


                    Charles Kannebecker, Esquire

CK/kmp

w/enclosure:

GEICO 0449

03 08 17

GEICO 0450

03 08 17

LAW OFFICE OF CHARLES KANNEBECKER
ATTORNEY AT LAW
104 W. HIGH STREET
MILFORD, PENNSYLVANIA 18337

22403-9504CE

LEHIGH VALLEY
PA 188
25 FEB '17
PM 3 L

GEICO
P.O. Box 9505
Fredericksburg, VA 22403-9504

ATTN: DANIELLE PELLETIER

B8169205

US POSTAGE
$0.460
FIRST-CLASS
062S0007402112
18337

# EXHIBIT "F"


**White and Williams** LLP

Platte B. Moring, III

3701 Corporate Parkway, Suite 300 | Center Valley, PA 18034-8233
Direct 610.782.4948 | Fax 610.782.4921
moringp@whiteandwilliams.com | whiteandwilliams.com

November 28, 2016

**Via First Class Mail**
Charles Kannebecker, Esq.
Law Offices of Charles Kannebecker
104 W. High Street
Milford, PA 18337

RE:     **Judith Koerner v. Government Employees Insurance Company**
        **Pike County CCP No. 810-2016**

Dear Mr. Kannebecker:

Pursuant to the Court Order of November 14, 2016, please find enclosed a CD-ROM containing a full copy of the tape recording referenced on Defendant's Privilege Log as May 17, 2016, audio recording of telephone conversation between GEICO employee Paul Brunskole and Charles Kannebecker, Esquire, that GEICO designated as business proprietary training materials which are not part of the Claims File.

Very truly yours,

WHITE AND WILLIAMS LLP

Platte B. Moring, III

PBM:wl
Enclosure



Koerner v. GEICO
Audio recording

18107584

# EXHIBIT "G"



# MEMORANDUM

**TO:**     File
**FROM:**   Platte B. Moring, III
**DATE:**   June 15, 2016
**RE:**     Judith Koerner v. GEICO Indemnity Company, Government Employees Insurance
            Company, GEICO General Insurance Company and GEICO Casualty Company
            Telephone Conversation with Paul Brunskole (GEICO)

| | |
|---|---|
| GEICO | Geico claims, this is Paul speaking how may I help you out today? |
| Charles | Yes Paul, Charles _____ returning your call. |
| GEICO | How are you doing today? |
| Charles | Good. |
| GEICO | Okay, okay. Do you have a claim number? |
| Charles | I do, but your claim numbers are so long, let me break it down – 0075462430101107 |
| GEICO | Okay, and the name of the client you are calling in regards to. |
| Charles | Judith Koerner. |
| GEICO | Okay yes I had left you a voicemail this morning thanks for giving me a call back I appreciate it. I am just looking for some intake information on Ms. Koerner. I am just trying to I guess see your basis or your theory as to why this classifies as an uninsured motorist. |
| Charles | Okay, I think I put in the letter that she was driving on the road and the vehicle in front of her had some content fall out go onto the highway and caused her to lose control. |
| GEICO | Alright I mean do you have a copy of the police report yet? |
| Charles | No. |
| GEICO | I am just having a hard time in regards to the "theoriness" to be uninsured motorist because the issue I am going to have with this is that we only |

| | |
|---|---|
| | have her word as to what happened. According to the report she made with GEICO when she called this into us she reported that it happened about 2:00 in the afternoon and 287 is a three lane highway in each direction, nobody else had any issues with this rug that fell from the truck, um it's just questionable. We will need a recorded statement from her in regards to this. |
| Charles | Okay Paul, let me get to the bottom line. If you accept the facts as she is giving them to you do you find that there is not a UM claim? |
| GEICO | Based on this I don't because when she first reported it to us she said that she blacked out, lost control and went into a guardrail. I mean the issue I am having is we are saying a rug fell into the roadway and caused her to lose control I will need proof of this – I mean I will need to see the police report and I am also going to request a recorded statement of her for the uninsured motorist portion of this claim because it is hard for me to put all the liability on this rug cause I guess I just don't see how it can be a UM claim unless – I have questions for her. |
| Charles | Why don't you say that it can't be a UM claim? |
| GEICO | Because it happened at 2:00 in the middle of the afternoon on a three lane highway and she is the only vehicle that reports any sort of issues with this rug. No other vehicles went into guardrails as far as we know or anything like that. She reported to us that she blacked out, lost control and went into a guardrail. I mean how am I supposed to know that she lost control because of a rug. How do I know she didn't just blackout and go into a guardrail? |
| Charles | Well it seems like your position is certainly well said. I mean if she comes into a deposition and says that there was a rug or something that fell off the truck in front of her it seems that your questions and your position is still fixed |
| GEICO | No, not at all that's why I said I would like to take a recorded statement from her cause I have some additional follow-up questions I would like more clarification on. I just can't take the fact that your letter states that a rug fell off a truck and caused her to go into a guardrail as validity for an uninsured motorist claim. I have follow-up questions, I need more details in regards to it – so that's kind of one of the issues I have. I mean it's not like we are talking a hit and run with a vehicle here. |
| Charles | Well, let's jump ahead. Let's say there is a police report and the police report comes in and to the policeman, let's say she says what she told me which is she was behind a truck, something fell out of the back of the |

| | |
|---|---|
| | truck and caused her to swerve. What's your position then? |
| GEICO | I am still going to want a recorded statement from her because I am going to want a detailed recorded statement. I have specific questions I want to ask her in regards to her traveling, you know behind this vehicle. Did she see it start – you know there is a lot of questions that I have in regards to could this have been avoided – confirmation that the rug was even in the roadway, you know what lane she was in, where it fell to, you know things like that. There is a lot of questions I have. This isn't something where it happened on a single lane road you know in a city road somewhere this happened on a three lane highway at 2:00 in the afternoon. I find it very hard to believe that she was the only vehicle on the roadway at that time. |
| Charles | I don't think she said she was. |
| GEICO | But no other vehicles had any issues with this as far as we know. |
| Charles | As far as we know. |
| GEICO | You know this didn't cause some backup or things like that so you know there's a lot of questions. |
| Charles | I think she was taken away by ambulance so I doubt she was out monitoring the roadway for the rest of the time. |
| GEICO | Okay, I mean a police report would say if there were additional injuries that occurred from this as well, so if the police report were to come back and it was only her – if her incident is the only incident I mean how am I supposed to take that? |
| Charles | As the truth. |
| GEICO | But how come she is the only one who has an issue with this rug if this rug falls onto the roadway and you know it causes her to go off the road, how come it doesn't cause anyone else to go off the road either? |
| Charles | Maybe because Paul, she was the one behind the truck and cars further behind would have more reaction time. It seems that your intent on denying the claim. |
| GEICO | No. |
| Charles | It is Paul because frankly if I am behind a truck and something falls out of the back of it and there is a car you know behind me – behind me several lengths, I have less time to react than the other car. The other car can |

| | |
|---|---|
| | move around me. So why is one affected – because one was right behind the car that's why. |
| GEICO | I am not set in denying the claim – I am set in |
| Charles | It seems you are. |
| GEICO | getting a recorded interview though. That's what I am set in. |
| Charles | I have a much different take on our conversation Paul. It is clear to me that you are intent on denying it. |
| GEICO | I am not because I don't have a police report yet, I don't have a recorded interview from your client, our insured yet. So these are things I am requesting and asking for before I make any sort of determination in regards to liability in this case or if we are going to accept or you know validate or deny the uninsured motorist claim. I can't do that based off her just her initial statement in regards to it. If you are not going to allow your client to give a recorded interview then I will have to go off just the initial statement and the police report when it becomes available but again I am requesting a recorded statement if your client can give me details as far as what happened in this incident – I am not at a point where I am denying this claim. |
| Charles | Well based on your call and our discussion here, I think it's pretty clear. Okay, Paul I wanted to call you back right away but you know, I see that it's clear here and then so we will go |
| GEICO | Okay so are you not going to allow your client to give a recorded interview for this matter? |
| Charles | What I am telling you Paul is I have listened to your call, I have read the questions you called in with, and it is clear to me that you are denying the claim. You haven't give me satisfactory answers so we are going to proceed |
| GEICO | I asked for a recorded interview of your client. |
| Charles | Have a good day – have a good day. |
| GEICO | Does your client have injuries - pierce the limitation on lawsuit though? It happened in New Jersey. I mean that's another question we can ask as well. If this is a valid UM does she have injuries that pierce the limitation on lawsuit threshold? |

| | |
|---|---|
| Charles | Okay Paul, have a good day. |
| GEICO | I am trying to work with you in regards to this and you are not willing to work with me. |
| Charles | Paul, every question that you ask has a purpose and design to deny the claim. |
| GEICO | No the purpose is to get more information. |
| Charles | Listen to me. |
| GEICO | I am listening to you. |
| Charles | No because every time I talk you talk over me and frankly I am a little tired of it at this point. The only reason you would ask about does she pierce the New Jersey limitation on lawsuit threshold is because you are trying to say there is another basis why she wouldn't have a claim. |
| GEICO | No because you are not allowing her to give a recorded statement. |
| Paul | Can I finish? |
| GEICO | Sure. |
| Charles | The New Jersey limitation on lawsuits threshold would not even apply so the fact that you would raise it when its inapplicable as a matter of law |
| GEICO | How so because |
| Charles | Patent demonstration of where you are going. |
| GEICO | But it happened in New Jersey so how would it not apply though? I guess I am just confused by that. |
| Charles | You are confused because you are looking at it from a purpose of denying it. If you went through the objective criteria of when the New Jersey ___ would apply you would have your answer. But you don't. You have gone off on the other end because your purpose is not to reach an objective conclusion but to deny the claim which is why you raised the issue and are asserting it when it's not even going to be applicable as a matter of law. |
| GEICO | Well that's an assumption by yourself – I haven't made that – I am strictly asking now because the accident happened in New Jersey so how's the New Jersey limitation ___ would not apply – I don't get why that |

17236912v.1

|  |  |
|---|---|
|  | wouldn't apply in this matter. |
| Charles | We will get a court determination that it doesn't apply and what's key is you are insisting on it and raising it. It is your intent in raising it and arguing it that's really the operative issue here. When it doesn't get applied the judge will make that decision but your intent and your purpose for raising it are really improper |
| GEICO | No, no I merely asked a question. |
| Charles | Have a good day. |
| GEICO | So then – I am trying to help you out with this claim but |
| Charles | Hangs up. |