IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITH KOERNER, | : |
|                   Plaintiff | : CIVIL ACTION |
| | : NO. 3:17-CV-00455-UN2 |
| v. | : |
| | : |
| GEICO CASUALTY COMPANY, | : |
|                   Defendant. | : |
| | : |

**DEFENDANT'S, GEICO CASUALTY COMPANY, BRIEF IN SUPPORT OF ITS MOTION TO STRIKE OBJECTIONS AND TO DEEM ADMITTED OR COMPEL ANSWERS TO ITS SECOND REQUESTS FOR ADMISSION**

**I.     PROCEDURAL HISTORY OF THE CASE**

On or about May 19, 2016, Plaintiff filed a Complaint in the Pike County Court of Common Pleas seeking damages as a result of a May 4, 2016, motor vehicle accident under her Uninsured Motorists ("UM") coverage in her contract of automobile insurance with Defendant GEICO. On or about August 12, 2016, GEICO filed an Answer to Plaintiff's Complaint with New Matter.

On October 18, 2016, GEICO served upon Plaintiff its first Requests for Admission, consisting of six (6) Requests. On November 9, 2016, Plaintiff responded denying or objecting to each of GEICO's Requests.

On February 22, 2017, Plaintiff filed an Amended Complaint adding a Count II (Breach of Contract) and a Count III (Bad Faith—Common Law and Statutory).

19958755v.1

Defendant filed a Notice of Removal on March 13, 2017. Plaintiff filed a Motion for Remand on April 5, 2017, which this Court denied by Memorandum and Order, dated May 18, 2017. On June 27, 2017, Plaintiff filed a Third Amended Complaint in this matter. On September 29, 2017, this Court issued an Order Dismissing Counts I, II, and III, of Plaintiff's Third Amended Complaint, and striking additional paragraphs. The only remaining Count is Plaintiff's statutory Bad Faith Count.

## II.  STATEMENT OF FACTS

On October 20, 2017, GEICO served its Second Requests for Admission upon Plaintiff. The majority of Requests made reference to a document supplied by GEICO in discovery by Bates number, GEICO 0xxx, for easy identification in responding to the Requests. On November 7, 2017, Plaintiff responded to these Requests.

Plaintiff's only admission to the forty-two requests for admission is that "she was an insured under a contract of automobile insurance issued by the insurer defendant GEICO on the aforesaid date." See Exhibit D at 1, 2. Plaintiff has objected to and/or denied each of GEICO's Requests for Admission. Exhibit D. Plaintiff has denied GEICO's Requests 1-2, 6, 20, 23-25, 27-28, and 38. Id. Plaintiff provides only objections to Requests 3-5, 7-19, 21-22, 26, 29-37, and 39-42, without admitting or denying these Requests. Id.

19958755v.1

## III. STATEMENT OF THE QUESTIONS INVOLVED

1.     Whether this Court should deem certain Responses to GEICO's Second Requests for Admission admitted, where GEICO provided Plaintiff with the Bates Number location of the corresponding documents where Plaintiff could look to admit or deny the request for admission?

*Suggested Answer: Yes.*

2.     Whether this Court should compel Plaintiff to Amend her Answers to GEICO's Second Requests for Admission in accordance with Fed. R. Civ. P. 36(a)(6), where Plaintiff's answers are insufficient and her objections are not justified.

*Suggested Answer: Yes.*

## IV. ARGUMENT

Here, GEICO has served upon Plaintiff simple and direct Requests for Admission. The majority of the Requests include a Bates number directing the Plaintiff to the location of a document so that Plaintiff can easily admit or deny the Request. However, Plaintiff has either objected to and/or denied each Request.

In accordance with Fed. R. Civ. P. 36(a)(6), GEICO may "move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an

answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." The Court may deem admitted Answers to Requests for Admission where the requesting party has made the information available to the responding party, and the responding party provides insufficient answers. Moeck v. Pleasant Valley Sch. Dist., No. 3:13-CV-1305, 2014 U.S. Dist. LEXIS 126582, at *7 (M.D. Pa. Sep. 10, 2014). Further, "Answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions rather than the essential truth contained therein are impermissible and must be amended." Duchesneau v. Cornell Univ., No. 08-4856, 2010 U.S. Dist. LEXIS 111546, at *5 (E.D. Pa. Oct. 19, 2010) (citations omitted).

In Moeck, the party serving its requests for admissions requested that the responding party answer requests concerning attached exhibits. Id. at *6. The responding party did not admit or deny the requests, but instead objected on the basis that after reasonable inquiry, the information available was insufficient to allow the responding party to admit or deny. Id. Given the availability of the information to the responding party, the Middle District Court deemed the responding party's answers insufficient and deemed those requests admitted. Id. at 7.

Similarly here, in the majority of its Requests, GEICO has provided the Plaintiff with the corresponding Bates Number location of the document where Plaintiff can look to admit or deny the Request. See Exhibit C at 1-12, 20-22, 24-32, 35-37, 39, and 40. As discussed below, GEICO is formally withdrawing certain Requests. Accordingly, GEICO seeks an Order deeming Requests 1, 5-8, 20, 22, 24, 25, 27, 31, 32, 35-37, and 39-40, to be admitted. Additionally, GEICO seeks an Order requiring Plaintiff to amend her Answer to Requests 14-19, 33, and 42.

**Plaintiff's Denials**

Plaintiff has denied GEICO's Requests 1-2, 6, 20, 23-5, 27-28, and 38. See Exhibit D. However, Plaintiff has impermissibly qualified her denials based upon improper objections.

*Denials to Requests 6, 20, 23-25, 27-28, 38.*

Plaintiff denied GEICO's Requests for Admissions 6, 20, 23-25, 27-28, 38, using the following language or language substantially similar:

> Denied said letter is a document the contents of which speak for themselves without selective reference by the Defendant. Moreover, a copy of the entire letter was not attached to Defendant's Request for Admissions as required by F.R.C.P.36(2).

Plaintiff has qualified her denials based upon an improper objection. An "objection on the basis that the document referenced in the request "speaks for itself" is not proper. Johnson v. Miskell, No. 1:16-CV-0841, 2017 U.S. Dist.

LEXIS 138050, at *12 (M.D. Pa. Aug. 28, 2017)(citing <u>Guinan v. A.I. DuPont Hosp. For Children</u>, No. 08-228, 2008 U.S. Dist. LEXIS 27798, 2008 WL 938874, at *5 (E.D. Pa. Apr. 7, 2008); <u>York Grp. v. Pontone</u>, No. 2:10-CV-1078-JFC, 2012 U.S. Dist. LEXIS 193836, at *10 (W.D. Pa. Nov. 30, 2012) ("Defendants' objection on the basis that the document referenced in the request "speaks for itself" is not proper.")(citation omitted); <u>Doe v. Mercy Health Corp.</u>, CIVIL ACTION NO. 92-6712, 1993 U.S. Dist. LEXIS 13347, at *35-36 (E.D. Pa. Sep. 13, 1993)( "If plaintiff believes that the reports do not say what defendant asks him to admit they do… he may deny the RFA. If, on the other hand, the statements are accurately quoted or referenced, he must admit the RFA…")  Thus, Plaintiff's denial with the qualifying objection that the document "speaks for itself" is wholly improper. Plaintiff should either admit or deny the Request.

Secondly, Plaintiff's denial with the objection that a document was not attached to Defendant's Request for Admissions as required by F.R.C.P. 36(2), mischaracterizes the Rule.  Federal Rule of Civil Procedure 36(2) applies only to Requests that request another party to admit the genuineness of a document. GEICO has not requested that Plaintiff admit the genuineness of any document.

Specifically, the Rule requires that "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

(emphasis added.) Fed. R. Civ. P. 36(2). GEICO has made available documents which evidence each of these Requests to Plaintiff, and GEICO has even included Bates numbered cites so that the Plaintiff may reference the documents with ease. It would be unjust to allow Plaintiff to escape admissions based upon these objections.

*Denials to Requests 1-2*

Request one and two ask Plaintiff to admit basic facts about her Policy with GEICO. Plaintiff admits in part and denies the remainder of Requests 1 and 2 with qualifying improper objections. Plaintiff only admits that "she was an insured under a contract of automobile insurance issued by the insurer defendant GEICO on the aforesaid date." See Exhibit D at 1, 2.

For Example, GEICO in its Second Requests for Admission #1 asks Plaintiff to admit:

> 1. At the time of the May 4, 2016, accident, Plaintiff, Judith Koerner, was insured by Defendant GEICO Casualty Company, under Policy Number: 0734-12-44-07. See GEICO 0173.

Plaintiff responds:

> 1. Objection. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant. Without waiver of said objection, Plaintiff admits that she was an insured under a contract of automobile insurance issued by the defendant GEICO on the aforesaid date. The remainder of this Admission in denied. GEICO did not attach a copy of said document to the Request for Admissions, instead referencing GEICO 0173 which was produced

> by GEICO in discovery and is believed to be an internal document authored by the Defendant. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission and the document referenced therein. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded

Exhibit "D" at 1. A copy of the Declarations Page is attached hereto at Exhibit "E", GEICO 0173.

Here, Plaintiff denies that her policy number with GEICO was "0734-12-44-07", with the qualification that GEICO did not attach a document and Plaintiff is not able to authenticate a document authored by GEICO. Similarly to the above, and contrary to Plaintiff's objection, GEICO's Request #1 does not ask Plaintiff to authenticate a document. Rather, GEICO asks Plaintiff to admit a fact supported by a clearly identified document by Bates number. Additionally, the mere "superficial inclusion" of the statement that "information known or readily obtainable to the party is insufficient to enable the party to admit or deny" does not "excuse a party from actually conducting a reasonable inquiry." Moeck v. Pleasant Valley Sch. Dist., No. 3:13-CV-1305, 2014 U.S. Dist. LEXIS 126582, at *5 (M.D. Pa. Sep. 10, 2014).

Plaintiff was a party to the insurance contract that GEICO is referencing theses Requests. Plaintiff's policy information should be available to Plaintiff without reference to GEICO bates labeling. Additionally, Plaintiff's denial is

19958755v.1

unsubstantiated. See Exhibit "E", GEICO 0173. Thus, the Court should find these Requests admitted or require Plaintiff to admit or deny these Requests without qualifying objections.

**Plaintiff's Objections**

Plaintiff provides only objections to Requests 3-5, 7-19, 21-22, 26, 29-37, and 39-42, without admitting or denying these Requests. Plaintiff provides improper objections to these Requests.

GEICO's Requests to admit the Accuracy of Quotations: Requests 2-11, 20-22, 24-27, 29-32, 36-37, and 40.

GEICO requested that Plaintiff admit the accuracy of certain quotations from documents. See Requests 2-11, 20-22, 24-27, 29-32, 36-37, and 40. "It is an appropriate use of a request for admission to ask a party to admit that a document contains certain language or provisions." Johnson v. Miskell, No. 1:16-CV-0841, 2017 U.S. Dist. LEXIS 138050, at *12 (M.D. Pa. Aug. 28, 2017) (citation omitted). Further, as discussed above, an "objection on the basis that the document referenced in the request "speaks for itself" is not proper Id. (citing Guinan v. A.I. DuPont Hosp. For Children, No. 08-228, 2008 U.S. Dist. LEXIS 27798, 2008 WL 938874, at *5 (E.D. Pa. Apr. 7, 2008).

For Example, GEICO in its Second Requests for Admission #31 asked Plaintiff to admit:

19958755v.1

31. On or about July 8, 2016, GEICO mailed a letter to Attorney Kannebecker stating, in part:

> Dear Mr. Kannebecker:
>
> I am the Claims Supervisor assigned to the Uninsured-Motorist ("UM") claim of Judith Koerner concerning her motor vehicle accident of May 4, 2016. I have reviewed the entire claims file in this matter. The UM claim remains open. GEICO Casualty Company has not denied the UM claim. GEICO is still in the process of investigating all issues related to liability and damages in this accident. In this regard, GEICO once again seeks your cooperation in scheduling the recorded statement of Judith Koerner. I would appreciate it if you would contact me to schedule same.
>
> Sincerely,
>
> David Nitsche
> Claims Department

See GEICO 0171.

Plaintiff Responded:

> 31. Objection. Objection. This request seeks information which is irrelevant to the subject matter of this litigation and is not reasonably calculated to lead to admissible evidence. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored by the Defendant. Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. GEICO did not attach a copy of said document to the Request for Admissions, instead referencing GEICO 0171 which was produced by GEICO in discovery and is believed to be an internal document authored by the Defendant.

> Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission. This document can only be properly authenticated by Defendant. Strict proof of authentication is herein demanded.

Exhibit D at 31.

Plaintiff again includes the same impermissible objections referenced above. Said document was furnished to Plaintiff in discovery on March 13, 2017, and is attached hereto as Exhibit "E", GEICO 0171. Additionally, Plaintiff argues that a letter from GEICO to Plaintiff's counsel concerning Plaintiff's claim is irrelevant. This letter informs Plaintiff's counsel that 1) Plaintiff's claim has not been denied; 2) Plaintiff's claim is still open; 3) GEICO is still investigating this matter; and 4) GEICO is still seeking Plaintiff's counsel's cooperation in the scheduling of a recorded statement. A letter from GEICO to Plaintiff's counsel concerning Plaintiff's claim is relevant. Plaintiff has similarly objected to Requests 2-11, 20-22, 24-27, 29-32, 36-37, and 40.

*GEICO's Request to Admit the Accuracy of a Transcription, Requests 14-19.*

GEICO also requested that Plaintiff admit the accuracy of a transcription of a May 17, 2016, phone call between Paul Brunskole and Attorney Charles Kannebecker, which was recorded. See Exhibit "C" at Requests 14-19. The actual audio recording in dispute was sent to Plaintiff's Attorney on November 28, 2016. See attached letter at Exhibit "F".

This phone call is the centerpiece of Plaintiff's bad faith suit. GEICO invested time and expense to have this telephone conversation transcribed and asked Plaintiff to admit the accuracy of the transcription. A complete copy of GEICO's Transcription is attached hereto as Exhibit "G".

1. Plaintiff did not admit or deny the transcriptions, but objected but objected to Requests 14-19: "..."

> Objection. Said Request for Admission is improper and beyond the scope of F.R.C.P 36 in that it seeks authentication by Plaintiff of document(s) authored/prepared by the Defendant. Without waiver of said objection, in denying the uninsured motorist claim, the Claim Representative of the defendant, GEICO, fabricated a story about the manner in which the motor vehicle accident occurred and what Judith Koerner reported thereby attempting to place blame for the accident upon the plaintiff, Judith Koerner. Moreover, GEICO did not attach a copy of the entirety of the transcript to the Request for Admissions, instead referencing selective portions and omitting portions of the alleged transcription. Thus, after reasonable inquiry, the information known or readily available to Plaintiff is insufficient and Plaintiff is unable to admit or deny the truth of the remainder of the within request for admission. Strict proof of authentication and accuracy is herein demanded.

See Exhibit "D" at 14-19.

Plaintiff once again provides the usual objections. Plaintiff's counsel has possession of the tape recording of the subject conversation and can admit or deny these Requests. Accordingly, GEICO requests that this Court order Plaintiff to admit or deny Requests 14-19 without qualifying objections.

19958755v.1

**Plaintiff's Objection to the Number of Requests.**

Plaintiff also objects to GEICO's Requests for Admissions to the extent that they exceed twenty-five (25) Requests. GEICO served forty-two (42) Requests for Admission in its Second Set of Requests for Admission. Exhibit "C". Pursuant to Middle District Local Rule 36.1 GEICO is formally withdrawing Requests: 2-4, 9-13, 21, 23, 26, 28-30, 34, 38, and 41. GEICO requests that this Court either admit or compel Plaintiff to respond in good faith to the following twenty-five (25) Requests: 1, 5-8, 14-20, 22, 24-25, 27, 31-33, 35-37, 39-40, 42.

These Requests are not burdensome. For the majority of Requests, GEICO has provided Plaintiff with Bates Number locations to specific documents where Plaintiff can quickly admit or deny a Request. GEICO intends to use these Requests to establish its Statement of Undisputed Material Facts for its Motion for Summary Judgment on the remaining Bad Faith Count.

V. <u>**CONCLUSION**</u>

In accordance with Fed. R. Civ. P. 36(a)(6), Defendant, GEICO Casualty Company moves this Honorable Court for an Order striking Plaintiff's Objections to Defendant's Second Requests for Admission and deeming the Requests admitted or compelling Plaintiff to serve full, complete and verified answers to its Second Requests for Admission.

                    Respectfully submitted,

                    **WHITE AND WILLIAMS LLP**

By:   /s/ Platte B. Moring, III
       Platte B. Moring, III
       I.D. No. 56122
       3701 Corporate Parkway, Suite 300
       Center Valley, PA 18034
       610.782.4948
       Fax: 610.782.4928
       moringp@whiteandwilliams.com
       Attorney for Defendant,

Date: November 14, 2017      GEICO Casualty Company